STATE *vs.* VINCENT R. MILLER.

*Non-Support—Statute; Construction of—Children, under Ten Years*
*—Illegitimacy—Marriage; How Proved—Circumstan-*
*tial Evidence.*

1.  Construction of *Chapter 230, Volume 18, Laws of Delaware,* commonly known as the "Non-Support Act."

2.  The meaning and intent of Section 2 of said act is not to limit the operation of the act to children under the age of ten years, but to enable the deserted wife to be a competent witness to prove the facts specified therein, and to that extent to relieve her from her common law incompetency to testify against her husband.

3.  The meaning and intent of the following clause of Section 2 of said act: "Any wife so deserted shall be a competent witness in any proceedings under this act to prove the fact of desertion or neglect to maintain hers or any minor children under the age of ten years," is not to limit the operation of the act to children under the age of ten years, but to enable the deserted wife to be a competent witness to prove the facts specified in said clause, and to that extent to relieve her from her common law incompetency to testify against her husband.

4.  The said act does not apply to illegitimate offspring. The word " child " or " children," when used in a statute, means legitimate child or children, and not bastards, unless there is some further statutory provision clearly manifesting the contrary intention.

5.  In proceedings under said act, the fact of an actual marriage in either this or a sister State may properly be proved by competent and satisfactory circumstantial evidence, such as cohabitation, holding themselves out to the public as husband and wife, the admissions of the parties, etc.

6.  The husband, being in delicate health, and having but little capacity for earning money, was not required by the Court to pay anything for the support of a child sixteen years of age.

(*June 3, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards,* Deputy Attorney-General, for the State.

*Victor B. Woolley* for the defendant.

Court of General Sessions, New Castle County, May Term, 1902.

NON-SUPPORT CASE.

GRUBB, J.:—This is an application to the Court of General Sessions upon information proceedings under *Chapter 230, Volume 18 page 447, Laws of Delaware,* to order Vincent R. Miller to pay such sum as the Court shall think reasonable and proper for the comfortable support and maintenance of three minors who are alleged to be his children and whom he is charged by his alleged deserted wife, Mary E. Miller, to have neglected to maintain.

I may say here that Mary E. Miller has waived and withdrawn, in open court, any claim for maintenance for herself.

This application is resisted by the defendant upon two grounds: *First,* that the provisions of said statute apply to such children only as are under the age of ten years, and that as all of said minor children are above that age, they are therefore not entitled to the benefit of said provisions.

*Second,* that the said Chapter 230, Volume 18, applies to such children only as are legitimate, and that as all of said minor children of the defendant are his illegitimate offspring, as he alleges, they are consequently not within the scope and operation of said act.

In support of his first objection the defendant relies upon the following clause of Section 2 of the act:

"Any wife so deserted shall be a competent witness in any proceedings under this act to prove the fact of desertion or neglect to maintain hers or any minor children under the age of ten years."

In our judgment the meaning and intent of this clause is not to limit the operation of the act to children under the age of ten years, but to enable the deserted wife to be a competent witness to prove

the facts specified in said clause, and to that extent to relieve her from her common law incompetency to testify against her husband.

*Burton vs. Wright, 2 Houst. 53.*

We consider that the defendant's second contention, that the statute now in question does not apply to illegitimate offspring, is supported by unquestionable authority. It is a general rule of construction, well recognized in both England and this country, that the word " child " or " children," when used in a statute, means legitimate child or children, and not bastards, unless there is some further statutory provision clearly manifesting the contrary intention.

*5 Am. & Eng. Ency. of Law, (2d Ed.) 1095, 1097,* and cases cited.

We find no such provision in the statute before us.

But although it be held that Chapter 230, Volume 18, now in question, applies only to legitimate children, yet it does not follow that the alleged children of the defendant are not legitimate and consequently excluded from the benefits of the act.

Whether they are legitimate and entitled to the benefits of the act depends upon whether the defendant and his alleged wife, Mary E. Miller, were lawfully married before the birth of their said children and all the latter were born during the coverture.

The fact of such marriage is for this Court to determine upon the evidence before it.

The proof of marriage, as of other issues, is either by direct evidence, establishing the fact, or by evidence of collateral facts and circumstances from which its existence may be inferred.

It has been held by various courts, though modified by others, that direct evidence, or what is equivalent to it, is required upon the trial of indictments for polygamy and adultery, and in actions for criminal conversation.

But for many other purposes marriage may be proved by circumstantial evidence.

In *Doe dem. Jackson vs. Collins, 2 Houst., 133,* where the

legitimacy and inheriting capacity of children were in controversy, Chief Justice Gilpin said : " Marriage in contemplation of the common law is a civil contract, but it can only be contracted by some positive act, or ceremony, or solemnization recognized by the law of the place where it is entered into. But notwithstanding it must be so contracted, it is not in all cases necessary that the fact of its having been contracted should be susceptible of direct and positive proof, as by a person who was present at the time and witnessed the ceremony. Ordinarily it may be proved by secondary or circumstantial evidence, and in a case like the present a lawful marriage may be inferred or presumed from the facts and circumstances proved; that they lived or cohabited together as man and wife lawfully married to each other, proclaimed and represented themselves uniformly to be so, and visited together and were received, recognized and entertained among their relatives, friends and acquaintances as such."

It has also been held by the courts in various States that the admissions of the alleged husband and wife may be given in evidence to prove their marriage and are sufficient to establish the fact of marriage in civil and criminal cases, without additional proof of the record or certificate of marriage.

*19 Am. and Eng. Ency. of Law, (2d Ed.) 1201*, and cases cited.

It has been further held that the admissions and acts of the defendant are admissible in evidence to prove the fact of a foreign marriage.

*4 Am. and Eng. Ency. of Law, (2d Ed.) 45*, and cases cited.

*Williams vs. State, 54 Ala., 131, 25 Am. Rep., 665.*

Again, in *State vs. Cooper, 103 Mo., 266, (4 Am. and Eng. Ency. of Law, 45)*, the Court say : " The fact of marriage must be proved in a criminal case. It need not, however, be proved by direct evidence, but may be established like any other fact by circumstantial evidence. Cohabitation and the holding of each other out publicly as

husband and wife, as well as the admissions of the parties, are facts possessing evidential force and are admissible in evidence to prove a marriage."

The law warranting the proof of the fact of a legal marriage by circumstantial evidence, in a proceeding like the present one before this Court, seems to us to be well established by abundant authority.

This proceeding for securing a reasonable maintenance for a wife or children pursuant to Chapter 230, Volume 18, in our Court of General Sessions, has uniformly been deemed here a quasi-criminal proceeding merely.

In this proceeding, therefore, we consider that the fact of an actual marriage in either this or a sister State, may properly be proved by competent and satisfactory circumstantial evidence.

At the hearing before us the said Mary E. Miller asserted that she and the defendant were lawfully married by an authorized clergyman in 1877, in Philadelphia, Pennsylvania, whilst the defendant at the same time denied that they were then or ever joined in lawful wedlock.

The defendant, however, among other things, admitted at the hearing here that he had for nearly twenty-five years and until about October, 1901, dwelt and cohabited with said Mary E. Miller, and that they held themselves out to his family and the public generally as husband and wife, that she and her children bore his name with his assent, that said children were his own offspring and were represented to his relatives and acquaintances, and treated by him and her as their lawful children, and that they joined as husband and wife in the solemn execution and notarial acknowledgement of two deeds of real estate to third parties.

Against this weight of evidence is presented mainly his denial of such marriage and the testimony of his three sisters to an alleged admission of said Mary E. Miller, in an oral conversation in their presence, on March 21, 1897, that she and the defendant were never married—she, however, having denied at the hearing that

she ever made such an admission to or in the presence of his said sisters.

Considering the danger of mistake from the misapprehension of witnesses and the infirmity of memory in respect to mere oral statements, and in view of all the evidence before us, we feel constrained to decide that the fact of a lawful marriage between the defendant and Mary E. Miller has been proven, and that the said three children are the legitimate children of the defendant, Vincent R. Miller, within the meaning and purpose of said act.

There being some proof that the defendant is in delicate health, and that he has no means except what he earns, and is not able to earn much, and it also being proved that one of the three children is sixteen years of age, another fourteen and the youngest eleven, we think the oldest one is able to earn her own living, and the next one is quite beyond entire dependence upon the defendant —under all the facts we therefore order the defendant to pay one dollar a week each for the support of the two youngest children, the first payment to be made on June 15, 1902, and that he enter into the usual bond of five hundred dollars for the payment of said sum.

*Mr. Woolley :*—May I ask the Court if that bond is indefinite or until the children arrive at the age of twenty-one ?

LORE, C. J.:—It is until the further order of the Court. There may be a change in the conditions and then you would have the right to come in and have the order modified.

*Mr. Woolley :*—In order to preserve whatever rights I may have, I would ask the Court to note an exception to the opinion of the Court and the order.

LORE, C. J.:—Without recognizing your right to take an exception, we recognize your application to note an exception.