## STATE *vs.* DANIEL H. ADAMS.

1. WITNESSES—COMPETENCY.

   While, in a prosecution for wife beating, outsiders could testify that the prosecutrix and defendant are reputed and looked upon by their neighbors and people who know them as man and wife, the prosecutrix was not a proper witness for that purpose.

2. ASSAULT AND BATTERY—CRIMINAL RESPONSIBILITY—WIFE BEATING—EVIDENCE—MARRIAGE.

   In a prosecution for wife beating, though the only evidence of the marriage was that of the prosecutrix, who testified that she and the defendant were married in a certain month, year, and place, but did not know the exact date, or the name of the minister who performed the ceremony, and had no certificate, the question of the defendant's guilt was properly submitted to the jury.

(*May* 14, 1912.)

Judges WOOLLEY and RICE sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Philip L. Garrett* for the defendant.

Court of General Sessions, New Castle County, May Term, 1912.

INDICTMENT FOR WIFE BEATING (No. 13, March Term, 1912). One of the issues was whether the accused was the husband of the prosecutrix who was unable to make formal proof of their marriage. They had lived together as husband and wife, and seven children had resulted from the relation. The question of marriage was submitted to the jury to be determined by them from the evidence and instruction of the court upon the law.

At the trial, the state proved that the assault was made upon the prosecutrix by the accused, as alleged in the indictment. The proof as to marriage was substantially as follows:

That the parties lived together as husband and wife, the prosecuting witness stating that while this was a fact, he (the defendant), did not want to own that they were married. The prosecuting witness stated that she and the defendant were married in November, twelve years ago, in Philadelphia, at the home of an uncle of the defendant, but she could not give the exact date and had never received a certificate; that she did not know the name of the minister who performed the ceremony, but was informed

Evidence—Opinions.

that he was a minister of the Gospel.  That she had seven children by the defendant.

The witness was asked by the Deputy Attorney General the following question: "Were you reputed and looked upon by your neighbors and the people who knew you as man and wife?"

(Objected to by Mr. Garrett, counsel for defendant, who claimed that proof of marriage in a case of wife beating must be strict proof and not proof by general reputation.)

WOOLLEY, J.:—We sustain the objection, not upon the point made in the argument, but rather upon the point that the witness is not the proper kind of witness to testify to the reputation in which she is held by others.  Others can testify as to such a reputation, but she cannot.

When the state rested, Mr. Garrett, counsel for defendant, moved that the jury be instructed to bring in a verdict of not guilty, on the ground that no marriage had been proved except the bare statement of the prosecuting witness concerning her marriage and contended that in a criminal charge of as high a grade as wife beating, strict proof of marriage was necessary, that being the only thing that distinguished such a charge from assault and battery; that the fact of marriage must be clearly proved because the charge was based upon the relation of husband and wife existing.  If that relation did not exist, then the charge fell, and not having been proved strictly, no crime has been proved against the defendant and the jury should be instructed to acquit him.

The Deputy Attorney General contended *first*, that he had proved by the prosecuting witness all the necessary facts required to establish the marriage; *second*, that under the wife beating statute, the same strictness was not required as in divorce or bigamy, that the object of the wife beating statute is to prevent men living with women supposed to be their wives, beating and abusing them, the same as if the actual relation of man and wife existed.

WOOLLEY, J., delivering the opinion of the court:

[2] The court declines to grant the motion of the attorney for the prisoner that the jury be instructed to return a verdict of not guilty.

There are certain proceedings, both civil and criminal, in which proof of marriage must be made strictly; notably in those cases in civil actions out of which result property rights, and in criminal actions where the marriage is necessarily and primarily the foundation of the procedure, as perhaps in bigamy. While this is a novel question in a criminal proceeding, we nevertheless have had rulings upon a question akin to it in a *quasi* criminal proceeding, viz., under our statute providing for the support of married women, or rather a proceeding against her husband for the nonsupport of his wife.

The case of *State v. Miller*, 3 *Penn.* 518, 52 *Atl.* 262, which was a case where the husband, was sued for nonsupport of his wife, was defended by the defendant upon the ground that the woman on whose behalf the state brought the action, was not in fact his wife. There it was proved that they had lived together for a number of years and in that relation there had been born to them, children who bore his name with his permission, and that they had lived together as husband and wife in all respects except the intital act of marriage. The court held in that case that in proceedings under that act, the fact of marriage, in either this or a sister state, may properly be proved by competent and satisfactory circumstantial evidence, such as cohabitation, holding themselves out to the public as husband and wife, the admission of the parties, etc.

In the case of *State v. Oaks*, heard in this court in 1910, and reported in 1 *Boyce*, at page 576, 76 *Atl.* 480, which likewise was a *quasi* criminal proceeding for nonsupport, the husband or alleged husband, after living with his wife for several years, having begotten of her body children, who, after their birth, bore his name, endeavored to avoid his duty in supporting his wife upon the ground that she was not in fact his wife; and the court in that case said, Judge Conrad delivering the opinion:

"It is a well-established principle of law that when persons have represented themselves to be married or have assumed the

relation of husband and wife, cohabitating and holding themselves out to the public as such, though not in fact married, they will, when it is sought to charge them with any of the civil liabilities growing out of that relation, be conclusively presumed to sustain such relation to each other, and will not be permitted to disprove or deny the marriage."

We think this case should be submitted to the jury, in order that the jury may determine, as one of the issues, whether or not this defendant is the husband of the prosecuting witness, and if they find that he is, they will be instructed to make their finding accordingly; and if they find that he is not, they will be instructed to acquit him. We therefore refuse the motion of defendant's counsel for binding instructions.

The court charged the jury upon the law as indicated in the above opinion, and the jury found the defendant guilty.