WILLIAM M. BRADFIELD, d. b. a., *vs.* STATE OF DELAWARE, p. b. r.

1. CRIMINAL LAW—EVIDENCE—PRESUMPTION OF INNOCENCE.

Every person charged with a criminal offense is presumed to be innocent until the presumption is overcome by satisfactory evidence.

2. CRIMINAL LAW—WEIGHT AND SUFFICIENCY OF EVIDENCE—REASONABLE DOUBT.

Before a conviction, the jury must be satisfied beyond reasonable doubt that the accused is guilty.

3. BASTARDS—DUTY TO SUPPORT—STATUTES.

27 *Del. Laws, c.* 262, § 1, making it the duty of the parent of any child under the age of sixteen to provide for its support, and making willful neglect to support any such child in destitute circumstances a misdemeanor, was applicable to a prosecution for neglect to support an illegitimate child born before it was enacted, and thereunder the parentage of the child might be determined, as well as under the bastardy act, which was not repealed thereby.

4. CRIMINAL LAW—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.

The jury are the exclusive judges of the credibility of witnesses, and when the evidence is conflicting should accept that testimony which it deems worthy of credit, and reject that deemed unworthy of credit, and may believe the testimony which under all the circumstances appeals to it, and disbelieve that which does not appeal to it.

(*November* 18, 1914.)

Judges BOYCE and RICE sitting.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*Howell S. England* for the defendant.

Court of General Sessions, New Castle County, November Term, 1914.

Appeal from Municipal Court of City of Wilmington.

INFORMATION (No. 120, September Term, 1914) on appeal against William M. Bradfield for willfully neglecting to support his illegitimate child.

The accused elected to be tried by a jury.

See also, *ante* 212, 91 *Atl.* 993.

BOYCE, J., charging the jury.

Gentlemen of the jury:—By the information filed here, on appeal from the Municipal Court of this city, it is charged that William M. Bradfield did unlawfully and without just cause willfully neglect to provide for the support and maintenance of William M. Bradfield, Jr., his illegitimate child, being under the age of sixteen years and in necessitous circumstances.

The case is to be tried here the same as though the charge had been made in this court by indictment, in the first instance.

*Section* 1, *Chapter* 262, *Volume* 27, *Laws* of this state, provides, among other things, that—

" * * * any parent who shall, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen years, in destitute or necessitous circumstances, shall be guilty of a misdemeanor. * * * And it is hereby made the duty of the parent of any illegitimate child or children, under the age of sixteen years, to provide for the support and maintenance of such illegitimate child or children."

[1, 2]   It is not denied that the prosecuting witness is the
mother of William M. Bradfield, Jr., who is three years of age,
and who was born out of wedlock, and is in necessitous circum-
stances. You may take these facts as established. The accused
is charged with a misdemeanor. Every person charged with a
criminal offense is presumed to be innocent until the contrary is
established to the satisfaction of the jury beyond a reasonable
doubt. Such presumption of innocence may be overcome by
satisfactory evidence, and when clearly overcome the presumption
falls. But in every criminal case before there is a verdict of
conviction the jury should be satisfied beyond a reasonable doubt
that the accused is guilty.

[3]   The act of assembly under which the accused is charged
was passed after the child in question was born. This fact is
unimportant. The question before you is: Is the accused the
father of the child? The parentage of the child may be determined
under the act now invoked. It might have been determined under
the bastardy act. But the act under which the accused is being
tried does not repeal the bastardy act.

[4]   The sole question for you to determine is whether the
accused is the father of William M. Bradfield, Jr. Upon that
point there is much conflict in the testimony. When you shall
have retired to the jury room it will be your duty to reconcile
the testimony if you can. If you cannot, you should accept that
part of the testimony which you deem to be worthy of credit,
and reject that part which, if any, you deem to be unworthy of
credit. You may believe that part of the testimony which under
all the circumstances appeals to you, and you may disbelieve any
part of it which does not appeal to you. You are the exclusive
judges of the credibility of witnesses and the weight and value
of their testimony.

With these instructions you are to determine whether, or
not, under all the facts and circumstances of the case, William M.
Bradfield, the accused, is the father of this child or is not. If you
find, beyond a reasonable doubt, that he is the father, your verdict
should be guilty. If, on the other hand, you do not so find, your
verdict should be not guilty.

You will not have access to the information filed, based as it is upon the record of the court below; for, as we have already said, you are to try this case as though it had never been tried before.

Verdict, guilty.