## STATE vs. ISAAC RICHARDSON

1. CONSTITUTIONAL LAW—STATUTE REQUIRING SUPPORT HELD NOT EX POST FACTO IN APPLICATION TO PARENT OF ILLEGIMATE CHILD BORN BEFORE ENACTMENT.

Code 1915, § 3034, making it an offense to willfully neglect to provide for illegitimate as well as legitimate children, is not ex post facto in its application to the parent of an illegitimate child born previous to enactment, and a conviction for such failure may be based thereon.

2. BASTARDS—IN PROSECUTION FOR FAILURE TO SUPPORT ILLEGIMATE CHILD, STATE MUST PROVE ƆASE BEYOND REASONABLE DOUBT.

In prosecution under Code 1915, § 3034, for willful neglect to provide for the support and maintenance of illegitimate child, the state must prove beyond a reasonable doubt that the child is under 16, that it is in necessitous circumstances, and that the defendant is the father.

3. CRIMINAL LAW—JURY MUST RECONCILE THE EVIDENCE.

It is the duty of the jury to take the evidence, weigh and consider it, and when conflicting reconcile it, if possible, and, if not, reject that least worthy of belief.

(*May* 11, 1920)

HEISEL, J., sitting.

P. *Warren Green*, Deputy Attorney-General, for the State.

*Franklin Brockson* for accused.

Court of General Sessions for New Castle County, May Term, 1920.

Information on appeal from Municipal Court of City of Wilmington, No. 62, January Term, 1920.

Isaac Richardson was charged on information with willful neglect to provide for the support and maintenance of his illegitimate child. Verdict guilty.

The state introduced evidence to show that on February 3, 1910, there was born to one H., the prosecuting witness, an illegitimate child; that the accused during the months of March, April, May and June, 1909, had sexual intercourse with H., many times, in her mother's home in Wilmington; that no other man had sexual intercourse with her during the period; that the accused was the father of the child; that he had contributed nothing since 1911 towards the support of the child, which was then and is now in necessitous circumstances, and solely dependent upon such support as H., who is physically unable to work, and her mother can furnish.

When the state rested, counsel for accused moved that the jury be instructed to render a verdict of not guilty on the grounds first, that the evidence showed that the illegitimate child was born more than two years before the information was filed; second, the child having been born in 1910, and the neglect or refusal to support having commenced in 1911, the accused was being prosecuted under a law (*Rev. Code* 1915, § 3034) which was ex post facto to the offense charged.

The state, in reply, cited *Richardson vs. State*, 7 *Boyce*, 534, 109 *Atl.* 124.

HEISEL, J. [1]  I decline to instruct the jury to render a verdict of not guilty, for the reasons stated in *Richardson vs. State*, *Boyce*, 534, 109 *Atl.* 124.

The accused offered evidence to show that he had had sexual intercourse with H. upon one occasion only, when he and several companions had sexual intercourse with her in a house in Wilmington where he and they had gathered; that for a short time after the birth of the child he had contributed towards its support, because he was at first threatened with arrest by the mother of H., and later was summoned before a justice of the peace where he appeared without counsel, and was told that he must contribute $1.50 per week, for the support of the child; that in 1911, when he was again summoned before another justice of the peace, he appeared with counsel, and was relieved of further payments.

Counsel for accused again requested the court to instruct the jury to return a verdict of not guilty for the reasons before stated, otherwise to instruct them that before a verdict of guilty could be rendered, the evidence must prove beyond a reasonable doubt that the accused is the father of the child.

HEISEL, J. charging jury:

[2, 3]   Under this information you are trying a case anew that was appealed from the municipal court, but we try it here as though it had not been tried anywhere else.

You are not trying what is ordinarily known as an action of bastardy, to establish the paternity of a child under the old basterdy act, but an information filed under the desertion and support laws, which provide that parents of legitimate children shall support those children, if they are in necessitous circumstances, until they are sixteen years of age, and also that the parents of illegitimate children shall have the same responsibility imposed upon them.   The language of the statute is as follows:

"Any parent who shall, without lawful excuse, desert or willfully neglect, or refuse to provide for the support and maintenance of his or her legitimate child or children, under the age of sixteen years, in destitute or necessitous circumstances, shall be guilty of a misdemeanor."

And further:

"It is made the duty of the parent of any illegitimate child or children, under the age of sixteen years, to provide for the support and maintenance of such illegitimate child or children."

The information charges that the defendant is the father of the child; that the prosecuting witness is his mother; that the child was born on February 3, 1910, out of wedlock and is now in necessitous circumstances.

In this case, as in every criminal case, the defendant is presumed to be innocent, and it is incumbent upon the state to prove to your satisfaction, beyond a reasonable doubt, the necessary elements of the offense charged, that is, the state must thus prove that this child is under sixteen years of age, that he is in necessitous circumstances, and that the defendant is his father.

It is not disputed that the prosecuting witness is the mother of the child; that the child is under sixteen years of age and that he is in necessitous circumstances. The defendant however, denies that he is the father of the child.

In determining that question, you are to take the evidence as you have heard it from the stand, weigh it and consider it. Where it is conflicting you should reconcile it if you can. If you cannot reconcile it, you should believe that which you think most worthy of belief, and reject that which you think less worthy of belief, and if, after such a consideration of the evidence, you are satisfied beyond a reasonable doubt that the accused is the father of this child, your verdict should be guilty. If you are not so satisfied your verdict should be not guilty.

You have nothing to do with what the effect of your verdict may be. That is entirely for the court. You are to determine whether or not the accused is the father of this child, from the evidence as you have heard it, and having done that you should return a verdict accordingly.

Verdict guilty.