STATE OF DELAWARE v. HERBERT KEMPNER.

110

(*January* 29, 1958.)

HERRMANN, J., sitting.

*Richard J. Baker,* Deputy Attorney-General, for the State.

*Joseph H. Flanzer* for the defendant.

Superior Court for New Castle County, No. 324, Cr. A., 1956.

HERRMANN, J.:

The ultimate question for decision is whether the portion of 10 *Del. C.* § 990 here involved is unconstitutional for violation of the guaranty against double jeopardy.[1] That Statute provides in part as follows:

"The Attorney General of the State, in an action before the Court brought for the purpose of determining whether there has been desertion, willful neglect, or failure to support a wife or a child or both under chapter 5 of Title 13, * * * shall have the right of appeal from any decision of the Court, in which the defendant in any of the actions is found not guilty,

---

[1]Delaware Constitution, Art. I, Sec. 8, *Del. C. Ann.,* provides: "* * * no person shall be for the same offense twice put in jeopardy of life or limb * * *."

or in which decision the amount of support fixed by the Family Court for the benefit of such wife, child or mother is deemed insufficient by the Attorney General."

The defendant was tried and acquitted by the Family Court upon a charge of failure to support a minor illegitimate child in violation of 13 *Del. C.* § 502.[2] The State took an appeal to this Court under § 990 and it has filed here an information containing the very same charge upon which the defendant was tried and acquitted in the Family Court.

The defendant pleads double jeopardy contending that he may not be tried a second time in this Court upon the same criminal charge for which he was tried in the Court below. The State argues that a proceeding under § 502 is a civil proceeding fundamentally and that, therefore, the double jeopardy guaranty does not apply.

The basic question, therefore, is whether a proceeding under § 502 is civil or criminal. I am of the opinion that such proceeding is sufficiently criminal in nature as to require application of the double jeopardy provision of the Constitution.

It is settled that this type of proceeding is not an ordinary criminal proceeding and that it has a dual nature and objective. In the case of *In re Alexander*, 3 *Terry* 461, 36 *A.* 2d 361, this Court stated that one purpose of the controlling Statute is to punish the criminal wrong committed by one who fails to sup-

---

[2]13 *Del. C.* § 502 provides: "* * * any parent who, without lawful excuse, deserts or wilfully neglects his or her legitimate or illegitimate child, so that such child shall become a neglected child * * * or refuses to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of 18 years, in destitute or necessitous circumstances, shall be fined not more than $500, or imprisoned at hard labor in such prison of this State as determined by the court, for not more than one year, or both. The parent of any illegitimate child or children, under the age of 18 years, shall provide for the support and maintenance of such illegitimate child or children."

The related 13 *Del. C.* § 506, provides that a support order may be imposed in lieu of the penalties "before the trial, with the consent of the defendant, or at the trial on entry of a plea of guilty, or after conviction."

port a legal dependent while the other clear purpose is enforcement of the continuing liability to provide such support. See *Donaghy v. State,* 6 *Boyce* 467, 100 *A.* 696. The dual nature of this kind of proceeding was carefully considered in *State v. Savastini,* 14 *N. J.* 507, 103 *A.* 2d 249, 254, where the Court said of the similar New Jersey Statute, *N. J. S. A.* 2A:100-1 *et seq.*:[3]

"The statutory scheme initiates two separate and distinct proceedings by a single complaint, one a civil proceeding and the other a criminal proceeding. 'The criminal prosecution could go on without the award of money for support, and maintenance could be enforced without the criminal prosecution.' * * *. The law's primary and ultimate objective is to secure an adequate support order, the criminal charge supplying coercive pressure to that end. * * *."

While its hybrid characteristics are thus well recognized, the criminal aspect of this type of proceeding is predominant under our practice. The following incidents of a criminal prosecution are noteworthy: The proceeding must be commenced by a criminal information having the requisites of other criminal informations. See *State v. Harris,* 6 *Terry* 377, 75 *A.* 2d 214; *Harris v. State,* 7 *Terry* 111, 82 *A.* 2d 387. Such cases were tried in the Court of General Sessions before the establishment of the present court structure and they are now included in the criminal calendar of this Court. The presumption of innocence is invoked and the burden of proof beyond a reasonable doubt is imposed as in other criminal cases. See *Bradfield v. State,* 5 *Boyce* 262, 92 *A.* 988; *State v. Richardson,* 1 *W. W. Harr.* 14, 110 *A.* 660. The Statute of Limitations for criminal offenses is applied. See *State v. Cordrey,* 10 *Terry* 281, 114 *A.* 2d 805. Special care has been exercised to prevent conjecture and speculation by the jury because the defendant's liberty may be at stake. See *State v. Walters,* 8 *Terry* 155, 89 *A.* 2d 135. Moreover, our Court of Chancery has distinguished criminal proceedings

[3]Compare 13 *Del. C.* § 506.

under 13 *Del. C.* § 502 from enforcement of the civil obligation for support imposed by 13 *Del. C.* § 702. See *Spruance v. Spruance, Del. Ch.*, 113 *A.* 2d 877.

In view of the foregoing, it would be a meaningless contradiction to say that a proceeding under § 502 is not a criminal proceeding. Our treatment of this type of case as strictly criminal in character, when we know it to be anomalous, may be explained by the evolution of the present Statute from the Act of 1887 which was a regular penal Statute. See *In re Alexander, supra.*

The State relies upon *State v. Liles,* 134 *N. C.* 735, 47 *S. E.* 750. That case is inapposite because the North Carolina Statute, Code 1883, § 32, is not comparable.

It is concluded, therefore, that the charge against the defendant is a criminal charge; that the defendant is entitled to the immunity from double jeopardy guaranteed by the Constitution; and that 10 *Del. C.* § 990 is null and void insofar as it purports to deny that immunity to him.

Accordingly, the defendant's motion to dismiss the information will be granted.