**STATE of Delaware, Defendant Below, Appellant,**

v.

**Edward GRACE, Jr., Petitioner Below, Appellee.**

Supreme Court of Delaware.

Dec. 1, 1971.

Daniel A. Durkin, Deputy Atty. Gen., Wilmington, for the State.

Grover C. Brown, Dover, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

These are two appeals by the State from an order of the Superior Court reversing a conviction of Edward Grace, Jr. for non-support of an illegitimate child.

■ The State docketed two appeals under 10 Del.C., Ch. 99. The first appeal, No. 46, 1970, was an appeal as of right under 10 Del.C. § 9902. Since the order appealed from is not an order constituting "a dismissal of an indictment or information * * * or the granting of any motion vacating any verdict or judgment of conviction," the State may not appeal as of right. No. 46, 1970 will therefore be dismissed.

The second appeal, No. 47, 1970, is a discretionary appeal taken pursuant to 10 Del.C. § 9903. On April 2, 1970 we accepted this discretionary appeal.

Grace was charged in the Family Court of Kent County under 13 Del.C. § 502 with willfully neglecting his illegitimate child. A trial was held and the Family Court Judge found him to be the father of the child, and placed him under a support order. The findings of the Judge were expressly stated to be based upon a preponderance of the evidence rather than beyond a reasonable doubt. Grace petitioned for a writ of certiorari, as a result of which the Superior Court reversed the Family Court for error in applying the wrong standard of proof.

■ Grace was found guilty under 13 Del.C. § 502 of failing to provide for his illegitimate child. This section provides that any parent who is guilty of this

charge shall be fined not more than $500 or imprisoned at hard labor for not more than one year, or both. It has been repeatedly held in this State that the failure to provide support for an illegitimate child is a criminal offense, but because of the dual purpose of the act, i. e., to punish and to provide support, it is in fact quasi-criminal in nature. Bradfield v. State, 5 Boyce 262, 92 A. 988 (Del.Gen.Sess.1914); State v. Richardson, 1 W.W.Harr. 14, 110 A. 660 (Del.Gen.Sess.1920); In re Alexander, 3 Terry 461, 36 A.2d 361 (Del.Super.1944); State v. Kempner, 1 Storey 109, 138 A.2d 504 (Del.Super.1958).

The assumption has long been made that the State in any criminal prosecution is constitutionally held to proof beyond a reasonable doubt. Miles v. United States, 103 U.S. 304, 26 L.Ed. 481 (1881); Brineger v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Finally, in order to foreclose any doubt upon the question, the Supreme Court of the United States, in In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), held explicitly that the Due Process Clause of the Federal Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

As we have pointed out in this State, the refusal to support an illegitimate child is a criminal, or at least a quasi-criminal, offense, conviction of which can invoke severe penalties. The elements to be proven are paternity of the child and the refusal to support. Under the *Winship* case it is clear that these elements must be proven by the State beyond a reasonable doubt. However, the Family Court found both elements as facts by reason of a preponderance of the evidence. This would seem to be clear error unless the nature of the proceeding has been changed by the General Assembly from criminal to civil.

The State purports to find this change in 13 Del.C. § 508 which provides in part that where marriage or parentage is in issue, "no other or greater evidence shall be required * * * than is or shall be required to prove such facts in a civil action." While the argument made is not explicit, it necessarily implies that the General Assembly has changed the nature of the offense. We think, however, in view of the legislative history of 13 Del.C. § 508, that the argument is untenable.

In 1887, "An Act for the benefit of Married Women and Minor Children" (18 Laws, Ch. 230), was enacted which provided that a father who deserts his wife or children may be fined $500 and imprisoned. In State v. Miller, 3 Pennewill 518, 52 A. 262 (1902), this Act was construed as applying only to the refusal to support legitimate, as opposed to illegitimate, children and, since Miller contended that the children involved were illegitimate, it was necessary to establish whether or not the children were born before or after Miller's marriage. This contention placed in issue the existence of the marriage and its date. Citing Doe ex dem. Jackson v. Collins, 2 Houst. 128, it was held that even though the proceeding was quasi-criminal, the fact of marriage may be proven as in any civil case by competent and satisfactory evidence.

In 1913, by 27 Laws, Ch. 262, the General Assembly repealed 18 Laws, Ch. 230 and provided for the support of legitimate and illegitimate children both, and retained the quasi-criminal nature of the proceedings. By § 8 of the Act, the holding in the *Miller* case was in effect enacted by providing: "No other or greater evidence shall be required to prove the marriage of such husband and wife, or that the defendant is the father or mother of such child or children than is or shall be required to prove such facts in a civil action." 27 Laws, Ch. 262 was carried forward into the Revised Codes of 1915 and 1935, and is now found in 13 Del.C. §§ 502, 508. While there have been minor amendments, § 502 provides the penalty for nonsupport and § 508 provides for the admission of circumstantial evi-

dence to prove marriage or parentage, the codification of the *Miller* rule.

It is to be noted that the *Miller* case referred only to a rule of evidence and not to the burden of proof required of the State. There is nothing in the *Miller* case or in the legislative history of the statutes which indicates to the contrary. This, we think, is made clear by the consistent application by the courts of this State of the requirement that the State prove its case against the defendant beyond a reasonable doubt. It follows, therefore, we think, that the nature of the remedy against a parent refusing to support a child has not been changed by the General Assembly, and the State is still held, under our own authorities and the *Winship* case, to proof beyond a reasonable doubt.

The judgment below is affirmed.