STATE of Delaware (Bureau of Child Support Enforcement ex rel. Justine Thomas), Appellee Below, Appellant,

v.

Timothy CAHILL, Appellant Below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 14, 1981.

Decided March 11, 1982.

James A. Littman, Deputy Atty. Gen. (argued), Bureau of Child Support Enforcement, Wilmington, for appellant.

David Clayton Carrad (argued), Wilmington, for appellee.

**498**

Before HERRMANN, C. J., DUFFY, McNEILLY, QUILLEN and HORSEY, JJ., constituting the Court en Banc.

QUILLEN, Justice:

The Delaware Bureau of Child Support Enforcement (Bureau) as assignee of the rights of a minor child's mother, 13 Del.C. § 504, brought a non-support action against Timothy Cahill, pursuant to the civil enforcement provisions of the Desertion and Support Act, 59 Del.Laws, Ch. 567 (1974), 13 Del.C. §§ 501 and 511. After an evidentiary hearing, the Family Court declared Cahill to be the father of the minor child, and entered a support order.

Cahill appealed the determination of paternity to the Superior Court.[1] He contended that he was not the father of the child and demanded a jury trial on this factual issue at the Superior Court appellate level. The Bureau moved to dismiss the demand for a jury trial. In Cahill v. State, Del.Super., 411 A.2d 317 (1980), the Superior Court, in a scholarly opinion, denied the Bureau's motion to dismiss and held that Art. I, § 4 of Delaware's Constitution of 1897, which provides "Trial by jury shall be as heretofore", gives putative fathers the constitutional right to a trial by jury in a civil non-support action on the factual issue of paternity on appeal from an adverse Family Court determination. On April 10, 1980, this Court accepted an interlocutory appeal to review the Superior Court's decision.[2]

The issue before us is one of first impression. We note at the outset that courts generally will not decide a question on con-

stitutional grounds if it may be settled on statutory grounds. Thus, we examine the statutory posture of this case. In 1974, the legislature enacted the Desertion and Support Act, 59 Del.Laws, Ch. 567 (1974), 13 Del.C. § 501 et seq. The 1974 Act repealed what was known as the Bastardy Act, former 13 Del.C. §§ 1321–1335, and constitutes a complete restatement of the Delaware law as to desertion and support. G. L. v. S. D., Del.Supr., 403 A.2d 1121, 1125 (1979). Under the 1974 Act, a non-support action can be asserted against a putative father either as a civil, 13 Del.C. §§ 511–516, or as a criminal action, 13 Del.C. §§ 521–524. G. L. v. S. D., 403 A.2d at 1125.

Prior to the enactment of the 1974 Act, paternity proceedings were exclusively quasi-criminal proceedings, State v. Grace, Del. Supr., 286 A.2d 754 (1971); State v. Kempner, Del.Super., 138 A.2d 504 (1958); State v. Cordrey, Del.Super., 114 A.2d 805 (1955); State v. Wright, Del.Gen.Sess., 3 A.2d 74 (1938); Richardson v. State, Del.Gen.Sess., 109 A. 124 (1920); Bradfield v. State, Del. Gen.Sess., 92 A. 988 (1914); Vail v. State, Del.Gen.Sess., 39 A. 451 (1897), and the putative father had a statutory right to a trial by jury on the paternity issue in an appeal from an adverse Family Court determination. Former 13 Del.C. § 1332, repealed by 59 Del.Laws, Ch. 567, § 524.

Apparently, the Delaware courts, except for the Superior Court below,[3] have never addressed the question of whether a putative father has a constitutional right to a jury in a quasi-criminal paternity proceed-

---

1. There is no direct appeal to the Supreme Court from a general Family Court determination concerning child support. See 10 Del.C. § 960(a); G. S. G. v. P. S. G., Del.Supr., 412 A.2d 319, 325–26 (1980); Wife K. v. Husband K., Del.Supr., 369 A.2d 684 (1977). The dictum in G. D. v. State, Del.Supr., 389 A.2d 764, 765–766 (1978) must be read in the context of these holdings.

2. This appeal originally involved two separate cases presenting the identical question. Counsel for the putative father in the former companion case filed a motion for leave to withdraw which was granted by this Court. The

putative father in that case consented to the motion, having been advised that he might consequently be bound by this Court's decision in the instant case. It should also be noted that this appeal was originally heard by a three Justice panel and is being reheard by the Court en Banc pursuant to Supreme Court Rule 4(d).

3. The Superior Court first determined that a putative father had a constitutional right to a jury trial when involved in a quasi-criminal action. The Court then analogized and held that such right existed in a civil action.

ing,[4] because of his statutory right to a jury trial. Under the view we take in this appeal, it remains unnecessary to address this constitutional question. The Delaware legislature has effectively carried forward the putative father's statutory jury right on appeal in the criminal enforcement section of the 1974 Act, 13 *Del.C.* § 524(a). See *G. L. v. S. D.*, 403 A.2d at 1126.

■ As we read the statute, however, there is no explicit or implicit statutory right to a trial by jury in a civil non-support enforcement action. There is nothing in the express language to suggest such a statutory right. Furthermore, the content of the statute indicates an intention to bring into one subchapter of the law various familial duties to support. 13 *Del.C.* §§ 501–504. Some of those duties were historically equitable and tried without a jury. Nor do we glean any compelling policy which would suggest a statutory right to a jury trial should be inferred, especially since original jurisdiction is given to a non-jury Family Court. As the Superior Court pointed out, 411 A.2d at 318, appeals to that Court are generally on the record. We agree with the Superior Court that there is no statutory right for a jury trial in this civil enforcement proceeding. Indeed, we think the statute in its statutory and practice context contemplates that civil enforcement appeals will be without a jury.

■ We necessarily turn to the separate question of whether the 1897 Constitution grants a constitutional right to a jury to a putative father on appeal from an adverse determination in a civil non-support enforcement action. In our judgment that question as well should be answered in the negative.

In considering this constitutional argument, we assume two premises:

(1) As concluded by the Court below, the issue of paternity in bastardy proceedings was tried by a jury in colonial Delaware prior to 1776. See Judge Balick's interesting and informative discussion. 411 A.2d 322–29. Thus, for our purposes, it becomes irrelevant in the instant case whether the constitutional right to jury trial is to be historically determined in accordance with the practice at the adoption of our first Constitution in 1776 or as of our most recent Constitution in 1897. Therefore we do not decide that issue.

(2) The constitutional right to a jury trial can apply to a new civil statutory cause of action even if the General Assembly intended that jury trial not attach to the cause of action. Compare *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).[5]

In examining a pure civil non-support enforcement action, it is clear that such an action did not exist in a non-statutory form at law. Insofar as such an action was for the support of a legitimate child, it was equitable [*Wife P. v. Husband P.*, Del.Ch., 287 A.2d 409, 410 (1972); *Cohen v. Markel*, 35 Del.Ch. 115, 111 A.2d 702 (1955)] and,

---

4. In *State v. Wright, supra*, Judge Rodney, although not faced with the issue of whether the putative father had a constitutional right to a jury, made an interesting characterization of Delaware's pre-1974 bastardy proceedings: "The whole proceeding is of statutory origin— it had no existence at the common law, and the first statute in Delaware relating to the subject matter was passed in 1796. Being created by statute it is entirely regulated by that statute . . . ." 3 A.2d at 77. Judge Balick's decision reached a different conclusion as to the practice prior to 1796 but Judge Rodney's comments could still have relevance on the jury trial issue. We do not mean to suggest the Superior Court erred in the determination that a putative father had or has a constitutional

right to a jury trial in a quasi-criminal or criminal proceeding.

5. It is interesting to note that even under the expansive federal view of the federal constitutional right to a jury, the forum to which the Congress assigns the jurisdiction, ordinary courts of law or administrative agency, can effect not only the statutory right but also the federal constitutional right. See, *Loether*, 415 U.S. at 194–95, 94 S.Ct. at 1008–09, 39 L.Ed.2d at 266–67, citing *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937), *Guthrie National Bank v. Guthrie*, 173 U.S. 528, 19 S.Ct. 513, 43 L.Ed. 796 (1899).

insofar as such an action was for the support of an illegitimate child, it was non-existent [*M. F. v. F.*, Del.Ch., 172 A.2d 274, 276–77 (1961) ].[6] Thus, as we view this case, it is based on a new statutory cause of action intended by the General Assembly to be tried without a jury.

It is argued that the factual issue of paternity constitutionally must be tried by a jury. With deference to that view, we submit that it does not make sense. It proceeds, it seems to us, on the incorrect premise that historically there were legal factual issues for a jury and equitable factual issues for the Chancellor.

The simplest contract case makes our point regarding this view of factual issues. If a defendant refuses to convey a chattel pursuant to a contract, and the plaintiff claims the chattel is unique and subject to specific performance, the factual issue of the breach is precisely the same in equity as it would be in a damage action at law. We endorse the comment of the dissent in *Ross v. Bernhard*, 396 U.S. 531, 550, 90 S.Ct. 733, 744, 24 L.Ed.2d 729, 743 (1970):

> The fact is, of course, that there are, for the most part, no such things as inherently "legal issues" or inherently "equitable issues." There are only factual issues, and, "like chameleons [they] take their color from surrounding circumstances." [Footnote omitted] Thus the Court's "nature of the issue" approach is hardly meaningful.

Once the issue approach is rejected, another is suggested: Is the new statutory civil cause of action in substance so similar to the former bastardy cause of action that the constitutional right to a jury trial attaches?

We think the "in substance" argument is answered by reference to *G. L. v. S. D.* The 1974 Act is "a complete restatement of the Delaware law as to desertion and support." 403 A.2d at 1125. As to illegitimate children, it creates a new civil cause of action. 403 A.2d at 1126. Civil

enforcement is maintained by a civil litigant on behalf of the child. 403 A.2d at 1125. A civil burden of proof attaches. 403 A.2d at 1126–27. We think it clear that a cause of action different in substance from the former quasi-criminal proceedings has been created.

To the extent analogies are helpful, we feel that the new civil statutory cause of action for the support of illegitimate children is more analogous to equitable nonjury civil support proceedings for wives and legitimate children than any other. And, if policy is in the picture, there is nothing about the issue of paternity, given the development of scientific means of determination, which should require as a constitutional matter in a civil case the extra safeguard of a jury trial for an indeterminable time in the future. There is, of course, a separate policy as to criminal prosecutions. In short, even taking a broad view of the "in substance" argument, we still reject it.

In our opinion, there is no constitutional right to a jury trial in a civil non-support proceeding brought on behalf of an illegitimate child. The interlocutory order of the Superior Court scheduling the case for a jury trial is reversed.

---

**6.** See *State v. Wright, supra,* for discussion of child support actions under the earlier Bastardy Act as "quasi-criminal".