STATE OF DELAWARE v. GEORGE WALTERS.

*(May 14, 1952.)*

HERRMANN, J., sitting.

*Louis J. Finger*, Deputy Attorney-General, for the State.

*Thomas H. Wingate* for the Defendant.

Superior Court for New Castle County.

HERRMANN, J., (instructing the jury):

As is usual in cases of this kind, the State's case rests entirely upon the testimony of the child's mother. She has testified that she had sexual intercourse with the defendant about the middle of the month of October 1949, the exact ·date of which she is uncertain, and the State contends that the conception of the child resulted from that relationship. However, the mother has also testified that she had sexual relations with a man other than the defendant, before the end of the month of October, 1949.

I am of the opinion that the mother's competency as a witness to prove that the defendant is the father of the child is utterly destroyed by her admission of relations with a man, other than the defendant, at or about the time of conception. Under such circumstances, it is impossible for the mother to know which of the two relationships resulted in conception. She can only suspect.

Mere speculation, however strong, will not warrant a conviction and a verdict of guilty cannot be supported by suspicion, conjecture or surmise. A jury should not be required or permitted to guess in any case. In a criminal case, especially, where the burden is upon the State to prove guilt beyond a reasonable doubt and the liberty of the defendant may be at stake, the Court is duty-bound to declare, without delay, that the evidence is insufficient to warrant a conviction, if such be the situation.

After careful consideration of all of the State's evidence in this case, I am convinced that it is not inconsistent with the defendant's innocence, that it leaves the guilt of the defendant wholly dependent upon conjecture, and that the jury could do no more than join in the mother's guesswork as to

whether the defendant or another is the father of the child. Accordingly, a verdict of "not guilty" is directed.[1]

---

[1] E. g., *Commonwealth v. Rex.*, 147 *Pa. Super.* 121, 24 *A.* 2d 98.