STATE OF DELAWARE v. RICHARD L. BUCKINGHAM.

(*August* 26, 1957.)

HERRMANN, J., sitting.

*Wilfred J. Smith, Jr.,* Deputy Attorney-General, for the State.

*Julian D. Winslow* for the defendant.

Superior Court for New Castle County, No. 345, Cr. A., 1956.

HERRMANN, J.:

The defendant was tried by jury upon a charge of arson in the first degree. The property involved was 418 West Front Street, in Wilmington, which was being operated as a junk yard by Wilmington Waste & Materials, Inc. Motions for judgment of acquittal were duly made during the trial but were denied. Following a guilty verdict, the defendant now renews his motion for judgment of acquittal and, in the alternative he moves for a new trial.[1]

The verdict of guilt may not stand unless it is supported by evidence, as to all essential elements of the offense, sufficient to sustain a conviction. One essential element, of course, is the identification of the defendant as the person who committed the crime charged.

The State was obliged to rely entirely upon circumstantial evidence in its effort to prove the defendant's connection with the fire. The State's case in this respect was based wholly upon the testimony of Walter J. Bradshaw, Joseph A. Grott and Police Officers Bartkowski and Payne.

---

[1]Criminal Rule 29(b), *Del. C. Ann.* provides as follows:

"If a motion for judgment of acquital is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the motion is denied and the case is submitted to the jury, the motion may be renewed within 5 days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned the court may on such motion set aside the verdict and order a new trial or enter judgment of acquittal. If no verdict is returned the court may order a new trial or enter judgment of acquittal."

Bradshaw testified that at about 2:00 A.M. and again at about 2:20 A.M. he saw the defendant asleep in his automobile which was parked about 150 feet from the building involved. He further testified that at about 2:45 A.M. he saw the automobile parked in the same place but the defendant was no longer in it.

Certain of Bradshaw's testimony was corroborated by Grott who testified that the defendant's automobile was parked at the stated place at about 2:00 A.M. but that he, Grott, did not notice whether anyone was in the car.

Patrolman Bartkowski testified as follows: He had been walking westerly on the north side of Front Street opposite the subject premises which are located on the south side of the street. At 3:12 A.M. he arrived at the police call box located on the northwest corner of Front and Washington Streets, the nearest intersection west of the building here involved. Goldie's Cafe is located on that corner. Bartkowski saw the defendant's automobile parked on the south side of Front Street, directly across from Goldie's Cafe, and about 100 or 150 feet west of the building here involved. Bartkowski crossed the street to the automobile, checked its license against a stolen car list, looked through the rear window and did not see anyone in the car. He did not open the door of the automobile nor did he look into it from the side or the front. Bartkowski then returned to the north side of the street and, walking away from the building here involved, he continued to patrol west on Front Street to Front and Justison Streets where he conversed with other police officers. He then returned to the police call box at Front and Washington Streets and made his routine telephone report at 3:20 A.M. When he completed his call, he crossed to the southerly side of the street and approached the premises here involved. As he approached the building, he saw the defendant backing out of a main doorway. When the defendant saw Bartkowski approaching, he shouted to him to get some water because the place was on fire. Bartkowski looked into the building and saw a swivel chair burning and the flames spreading up the

wall against which the chair was standing. Bartkowski sounded the fire alarm, told the defendant to remain nearby and proceeded to rouse people in the adjoining building. The defendant waited in his automobile until Bartkowski returned shortly after the arrival of the firemen. The defendant stated to Bartkowski that he was driving east on Front Street and, seeing the flames, he stopped his automobile and went over to see what he could do. Bartkowski noted that the defendant had been drinking and, on the basis of his suspicions, he placed the defendant under arrest for further investigation.

Detective Payne queried the defendant within two or three hours thereafter and he took the defendant's photograph and written statement. The photograph showed that the defendant's hair had been singed. The statement, which has been admitted in evidence, is substantially in accordance with the defendant's testimony summarized below.

The foregoing is all the evidence offered by the State to connect the defendant to the offense.

The defendant, on the other hand, testified as follows: He had been invited by fellow employees at Delaware Steel Fabricating Co. to go to a taproom called Honest John's at the end of the day's work. Honest John's is located on Maryland Avenue near Front Street, just two or three blocks from Goldie's Cafe at Front and Washington Streets. The defendant declined the invitation and went home. On his way home, he stopped at a taproom and had beer. That evening at about 7:00 o'clock, he left his home in St. Georges and returned to Wilmington. En route he stopped at two places and had beer at each. He arrived at Honest John's at about 8:00 P.M. and found fellow employees there. He remained at Honest John's for about two hours and drank a considerable amount of whiskey and beer. He left with one Russell and, en route to Russell's home, they stopped for beer at a taproom at Second and Monroe Streets. The defendant drove Russell home and then went to another taproom where he had more to drink and purchased six beers to take home.

After stopping again and eating at a restaurant in Wilmington, he started home but then decided to stop at Goldie's Cafe because he recalled one of his drinking companions at Honest John's had said that he was going there. The defendant testified that he parked his automobile on Front Street directly across from Goldie's Cafe. He stated that he was under the influence of intoxicating liquors and that he might have fallen asleep at that point but he is not certain. He remembers walking across Front Street from his automobile to Goldie's Cafe and finding it closed. While walking back to his car from the Cafe he saw flames in the building here involved. He ran over to the building, found the door open and entered to see if he could be of assistance. He was in the building only "a couple of seconds" but his head came close to the flames. He was leaving the building for help when he saw Officer Bartkowski and shouted to him.

It is clear that the State's case, regarding the defendant's connection with the setting of the fire, is based entirely upon evidence circumstantial in nature. The State was unable to offer any direct and positive evidence to show that the defendant was the person who did "wilfully and maliciously burn or set fire" to the building. As to that element, the jury's verdict must have been based upon circumstantial evidence.

Accordingly, the question of the sufficiency of the evidence to sustain a conviction is governed by the "circumstantial evidence rule". The rule to be applied was carefully stated and discussed by Judge Rodney in *United States v. Gasomiser Corporation, D. C. D. Del.* 1948, 7 *F. R. D.* 712, 718, wherein it is said:

"This then being a criminal case based upon circumstantial evidence, in order for the motions of the defendants to be denied guilt must be the only reasonable hypothesis from such evidence. If there is any other reasonable hypothesis, although admittedly guilt may also be a reasonable hypothesis, then the defendants are entitled to judgments of acquittal. In this circuit, it is clear that 'In order to justify a conviction of crime on circumstantial

evidence it is necessary that the directly proven circumstances be such as to exclude every reasonable hypothesis but that of guilt,' * * * or, as it has been otherwise stated by many courts in this circuit, 'Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial court to instruct the jury to return a verdict for the accused.' * * *. The presumption of innocence with which an accused stands before the bar of justice is not overcome by circumstantial evidence which offers a reasonable hypothesis other than guilt."

■ Our Supreme Court has recently recognized as elementary the rule that, to establish a fact in issue, circumstantial evidence must be inconsistent with any other rational conclusion. *Holland v. State*, 9 *Terry* 559, 107 *A.* 2d 920. Compare *United States v. Dolasco*, 3 *Cir.*, 184 *F.* 2d 746.

After a careful review of the transcript of the testimony in this case, I have concluded that there is a reasonable hypothesis other than guilt. Assuming the truth of the circumstantial evidence by which the State endeavored to connect the defendant with the fire, I am unable to say that the verdict of guilt was based upon the only reasonable hypothesis or, in the words of the rule, that there is excluded every reasonable hypothesis but that of guilt.

■■ In applying the circumstantial evidence rule, the State's evidence is accepted as true but the Court may look to defense evidence for the purpose of ascertaining the existence of a reasonable hypothesis other than guilt. While motive is not an essential element of the crime of arson, nevertheless, the absence of an apparent motive is a very favorable circumstance for one charged with a wilful and malicious burning. Where, as here, no motive is shown in a case of this kind, the sufficiency of circumstantial evidence requires especially careful scrutiny. See *Curtis on The Law of Arson*, pp. 365, 555.

■ Since there is a reasonable hypothesis of innocence, this case should not have been allowed to go to the jury. This

is so because any inference drawn by the jury could have been no more than the jury's choice as to which of two reasonable hypotheses is the correct one. Defendants in criminal cases based upon circumstantial evidence alone are entitled to have their presumption of innocence sustained as a matter of law when the inference of innocence is a reasonable one under the evidence. Compare *United States v. Gasomiser Corporation, supra; State v. Walters,* 8 *Terry* 155, 89 *A.* 2d 135; *State v. Biter,* 10 *Terry* 503, 119 *A.* 2d 894.

It is held that the evidence in this case is not sufficient to sustain the conviction of the defendant. The motion for judgment of acquittal should have been granted by the Court before the case went to the jury. It must be granted now.

In view of this conclusion, the various other contentions advanced by the defendant need not be considered.

Order on notice.