JOHN T. SANDERS and ANNA MAY SANDERS,
Plaintiffs,

*vs.*

SAMUEL J. VARI,
Defendant.

*New Castle, July 7, 1958*

*Clarence W. Taylor*, of Hastings, Lynch & Taylor, Wilmington, for plaintiffs.

*William Lynch, II*, of Morris, James, Hitchens & Williams, Wilmington, for defendant.

SEITZ, Chancellor: This is an action for specific performance brought by the sellers of certain real estate. The defendant refused to perform on the ground that plaintiffs could not convey "good" title. The parties submitted a stipulation of facts and filed cross motions for summary judgment. This is the decision thereon.

Concord Manor Development Company ("Concord" or "corporation") was incorporated in 1926 and in the same year obtained title to the land involved in this case. On April 1, 1936, the corporation's charter was declared void for non-payment of franchise taxes and was so proclaimed by the Governor in January 1937. On February 19, 1944, proceedings were filed to collect unpaid taxes on the land in question for the fiscal years 1933 and 1934. There was a levy upon the land in question under a writ of attachment and subsequently the court entered an order directing the sale of the lots on April 29, 1944. The real estate was sold and subsequently came into the plaintiffs' ownership.

Defendant challenges the sufficiency of plaintiffs' title on only one ground. He contends that the action which was brought to collect the taxes and which resulted in the sale of the lands in question was improperly brought against the corporation as the party defendant and thus the sale was void. He claims that where, as here, the corporation's charter has been void for more than three years for failure to pay franchise taxes, the action must be against a receiver or trustee

for the corporation who has been properly appointed. Plaintiffs challenge defendant's position. The attachment action was, of course, against the corporation.

The action under attack which resulted in the tax sale was brought under § 1351 of the *Rev.Code of Delaware of* 1935, now 9 *Del.C.* §§ 8741-50. Defendant does not challenge the regularity of the proceedings under the statute except in the respect mentioned.

Defendant points out that there is a statute which provides for the continuation of the corporation for three years after dissolution (8 *Del.C.* § 278). He admits that the action against the corporation would have been properly brought had it been within the three year period. Not being within the period, he argues that, by necessary implication, the action could only be brought against a trustee or receiver duly appointed.

Because one may obtain the appointment of a receiver after the expiration of the three year period, it does not follow that in all actions involving the corporate assets a receiver must be appointed before such assets can be judicially affected.

It was held in *Wax v. Riverview Cemetery Co.,* 2 *Terry* 424, 41 *Del.* 424, 24 *A.2d* 431, 436, that a mortgage foreclosure proceeding was properly brought against the corporation which had given the mortgage. This was so even though the corporation's charter had been repealed by the Governor's proclamation for non-payment of taxes more than three years prior to the institution of the foreclosure proceedings. The court said that such a corporation "still can serve as repository of title and as obligor of a debt". Obviously, the corporation here was in the same position.

Another strong precedent for permitting this suit is found in the case of *Harned v. Beacon Hill Real Estate Co.,* 9 *Del.Ch.* 411, 84 *A.* 229. That was an action against a dissolved corporation seeking the appointment of a receiver therefor although the corporation had been dissolved for more than three years prior to the commencement

of the action. The Supreme Court of Delaware concluded that the action was properly brought against the dissolved corporation itself even though it had been dissolved more than three years before. Compare *Addy v. Short*, 8 *Terry* 157, 47 *Del.* 157, 89 *A.2d* 136.

I emphasize that the action pursuant to which the land in question was sold was quasi in rem. Under the law, the notice is found in the seizure. We are not confronted with a strictly in personam action.

Defendant claims that this case is distinguishable from the Wax case on two grounds. First he says that the attachment statute here involved is much more "personal" than the foreclosure procedure. I fail to see how the distinction is one of substance since in both cases—either mortgage or tax—the land is the basic "security" for the obligation.

Defendant next says that the Wax case is distinguishable presumably because of the small amount of taxes involved. I see no merit to this distinction. I am also unable to see any substantial basis for distinguishing the Wax case on the ground that there was the equivalent of personal service in that case. The "realities" in each case are the same.

Defendant emphasizes the rule of so-called strict construction of tax statutes. However, the attachment action was brought against the party to whom the property was assessed. It is defendant who would require more than the statute provides.

I conclude that the statute permitted the sale of the property in question for taxes in an action against the dissolved corporation. It follows that plaintiffs have a fee simple title.

I therefore decide that defendant's motion for summary judgment should be denied while plaintiffs' motion for judgment of specific performance should be granted.

Present order on notice.