EDWARD LITTLEJOHN, Appellant, v. THE STATE OF DELAWARE, Appellee.

(*April* 12, 1966)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Michael F. Tucker,* Asst. Public Defender, for appellant.

*Grover C. Brown,* Deputy Atty. Gen., Dover, for the State.

Supreme Court of the State of Delaware, No. 7, 1965.

WOLCOTT, Chief Justice:

The appellant, Edward Littlejohn, was convicted of the manslaughter of Mamie Bryant. He appeals, attacking the sufficiency of the State's evidence and the refusal to suppress from evidence statements made by the deceased to neighbors shortly after the events which the State maintains caused her death.

Prior to September 22, 1963, the day on which these events took place, Littlejohn had lived with Mamie Bryant near Lincoln, Delaware. Their near neighbors were Lillian and Joseph Robinson. On the day in question, Littlejohn and Mamie Bryant, about 11:00 a.m., accompanied the Robinsons in their car on a trip. They visited various places and all were drinking. At least one altercation took place between Littlejohn and Joseph Robinson. They returned to Lincoln in the early evening, going to their respective homes.

Shortly thereafter, Mamie Bryant came to the Robinsons' home and borrowed some matches. About ten minutes later, Mamie Bryant appeared again at the Robinsons'. She asked them to take her to the hospital because Littlejohn had thrown coal oil upon her and struck a match to her. The trial court permitted the Robinsons to testify as to her statements thus made to them.

The crime of manslaughter charged here is the killing of another without malice while engaged in the doing of an unlawful act; that is something which the defendant had no right to do. *State v.*

*Woods,* 7 Pennewill 499, 77 A. 490. Seizing upon the element of the crime that death must be caused by the doing of an unlawful act, Littlejohn argues that there is no evidence that he intentionally set Mamie Bryant afire.

The argument is that the only evidence offered by the State was the statement made by the deceased to the Robinsons that Littlejohn threw coal oil on her and threw a lighted match on her. This evidence is characterized as circumstantial which, under the rule, must be inconsistent with any hypothesis other than guilt. *Holland v. State,* 9 Terry 559, 107 A.2d 920. Thus, it is argued, the statement made by the deceased is as consistent with the view that the coal oil had been thrown and ignited accidentally.

We think the argument without merit. The deceased's statement was to the effect that Littlejohn first threw coal oil on her and then threw a lighted match on her. If this statement was accepted by the jury, as obviously it was, any possibility of accident is precluded. Furthermore, the deceased's statement is not circumstantial evidence but is direct evidence even though hearsay. This being so, the rule of *Holland v. State* has no application.

Next, Littlejohn argues that the State failed to prove any motive on his part to set fire to the deceased. This may be so but there is no requirement of law that the State must prove a motive. The lack of proof of motive may be of importance in a trial for a crime involving an element of willfulness and malice when the State is relying solely upon circumstantial evidence, *State v. Buckingham,* 11 Terry 469, 134 A. 2d 568, but as we have pointed out, this conviction does not stand solely upon circumstantial evidence. The State may, of course, always prove motive if it can, but its inability to do so is not fatal. 21 Am. Jur. 2, Criminal Law, Sec. 86.

Littlejohn next argues that the State failed to prove the cause of death and to connect it with his act. The deceased actually died from a severe distention of her stomach related to the presence of a huge ulcer on the lesser curvature. The doctor who so testified went

on to state that "these terminal changes in the stomach which killed her were sequential or secondary to the burns" which brought about poisoning and secondary infection.

We think the evidence sufficient to warrant a finding by the jury that Mamie Bryant died from an organic condition which was a direct result of the effect of the burns she suffered. Therefore, death having resulted as a natural result of the burns inflicted by Littlejohn, he is criminally responsible for the death. 52 Am. Jur., Homicide, Sec. 52.

Finally, Littlejohn argues that testimony as to the statements made by Mamie Bryant to the Robinsons shortly after she had been burned were inadmissible in evidence and should have been supressed as hearsay evidence. They were admitted in evidence by the trial judge as part of the *res gestae.*

One of the numerous exceptions to the rule of hearsay evidence is a statement made as part of the *res gestae.* The basis for the exception is that statements made instinctively at the time of an event without the opportunity to fabricate are likely to be true. The law thus presumes their truthfulness. While the statement to be admissible must be made at or near the time of the event, the statement need not be exactly coincident in point of time with the event. Today the test applied is one of spontaneity; that is, was or was not the statement induced by the shock of the event. 20 Am. Jur., Evidence, Sec. 662; 31A C.J.S. Evidence Secs. 413, 417; 2 Jones on Evidence, Sec. 321, and see *Cloud v. State,* 2 Storey 182, 154 A.2d 680, 78 A.L.R. 2d 294.

In the case at bar Mamie Bryant returned to the Robinson home not more than ten minutes after borrowing a box of matches; she was obviously badly burned and in pain; she spoke louder and more excitedly than normal, and she was on the verge of tears. The trial judge ruled that these circumstances satisfied the requirement of spontaneity. We agree with his ruling. In any event, his decision lay within his sound discretion which ordinarily is conclusive upon appeal. 20 Am. Jur., Evidence Sec. 663.

To the extent that *State v. Trusty,* 1 Pennewill 319, 40 A. 766 is inconsistent with this holding, we overrule it.

The conviction below is affirmed.