**William L. SMITH, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

April 10, 1967.

Michael F. Tucker, Asst. Public Defender, Wilmington, for appellant.

Richard G. Elliott, Jr., Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The appellant Smith was indicted with William Simpson on a charge of burglary in the fourth degree and conspiracy to commit burglary. The two defendants were tried jointly and verdicts of guilty as to both were returned on the burglary and conspiracy charges. The defendant Smith appeals.

■ The sole contention made by Smith is that his conviction rests purely upon circumstantial evidence and that, to convict on circumstantial evidence, that evidence must be consistent solely with the reasonable hypothesis of guilt. Littlejohn v. State, Del., 219 A.2d 155. He argues that guilt is not the sole conclusion to be drawn reasonably from this evidence.

The State proved the following case:

The premises broken into and entered on Friday, January 15, 1965, were those of the Polish American Citizens Club located at 722 Kirkwood Street, Wilmington. A witness, the bartender at the club, testified that there were two entrance doors to the club, one of which was called the "Sunday door" through which access could be had by members possessing a key. On the night before the breaking and entering, this witness testified he threw a bolt on the inside of the so-called "Sunday door" which would prevent it from being opened from the outside, and that he secured all the doors and windows of the club and exited through the second door, locking it after him. He also testified that keys opening the so-called "Sunday door" were kept in a tin container behind the bar and given

to members of the club who desired access on Sundays.

In the early morning in question a window of the club had been broken from the outside, the glass falling on the floor inside; the opening thus made was large enough to admit the passage of a man who would necessarily have to be boosted up to the window sill to gain access in this manner, and the bolt on the inside of the "Sunday door" was open.

At approximately 2:50 a. m. on January 15, 1965, three patrolmen went to the location of the Polish American Club in response to a radio dispatch. Upon arrival, an individual was seen running from the locality. Two patrolmen gave chase and, eventually, after a pursuit of three and a half blocks, apprehended Smith who, at the time, was attired in shoes, trousers and a white shirt, although the temperature was then 13 degrees above zero.

At or about the same time, the defendant Simpson was taken into custody hiding in an alcove approximately 100 feet from the premises. Also found in this alcove was a coat with a receipt in its pocket made out to Smith.

The two suspects were taken to Police Central Headquarters where Smith attempted to dispose of a key by dropping it in a drinking fountain. A police officer on duty observed this and recovered the key which was later identified as a key to the so-called "Sunday door" of the club.

Smith did not take the stand in his own defense, although the defendant Simpson did, and, as his defense, denied any knowledge of the breaking and entering or that he even knew Smith.

Smith now argues that the circumstantial evidence is not sufficient to sustain his conviction because there is more than one reasonable explanation for the various circumstances connecting him to the crime.

 We agree that no single one of the circumstances proven by the State standing alone would justify a conclusion of guilt. However, taken together—that is, the flight; the finding of Smith's coat near the scene of the crime; the necessity of assistance in entering the broken window and, finally, the possession of a key which ordinarily would have been obtained only inside the club, make it the only reasonable hypothesis that Smith was guilty of the breaking and entering.

Since an innocent explanation arrived at by speculation would require the grouping of a series of implausible coincidences, we think it a fair inference, therefore, that there is no innocent explanation of this combination of circumstances pointing toward guilt.

For the reasons above, the judgment below is affirmed.