**Bruce V. GASTON, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Oct. 5, 1967.

James F. Kipp, Asst. Public Defender, Wilmington, for appellant.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The appellant was convicted of fourth degree burglary and appeals. Primarily, one question is raised and is urged as a reason for reversal of the conviction. This question is that, after the State had put in its case in chief, the defendant offered the defense of alibi and, in rebuttal, the State called a witness, not called as part of its principal case, who contradicted the defendant's alibi. The point raised is that the rebuttal witness of the State should properly have been called as a witness in the State's case in chief and, since he was present in the courtroom throughout the trial, it was error on the part of the trial judge to permit him to testify as a rebuttal witness.

Briefly, the facts proved by the State were that a burglary took place on a Sunday afternoon at the premises of International Harvester. Two Wilmington police officers were alerted and proceeded to the premises where the burglary was taking place. Upon entering the building, they heard a noise in the rear as though a window was being opened. One of the officers

left the building and ran around to the rear, and the second proceeded through the building. Both officers testified that they saw the defendant going through the window, escaping from the International Harvester building. They identified him from his appearance and from the clothes he was wearing. Both officers also testified that when the defendant jumped from the window in question, he ran into the adjacent premises of Holiday Lincoln Mercury, an automobile agency.

Following the State's case, the defendant took the stand and called other witnesses to prove an alibi which, if believed, made it impossible for him to have been on the scene of the burglary.

In rebuttal, the State called a witness, not previously called in the State's case in chief, who, on the Sunday afternoon in question, happened to be working on the premises of Holiday Lincoln Mercury. He testified positively that the defendant ran through the Holiday Lincoln Mercury premises at or about the time in question, and his description of the clothes the defendant was wearing fitted exactly the description given by the two police officers.

■ The defendant argues that customary procedure in a trial is for the party having the affirmative to introduce all his evidence in support of his case, and then for the opposite party denying the affirmative to produce his proof and that, thereafter, additional witnesses called by the party having the burden of proving the affirmative must be limited to rebuttal evidence of the defendant's case. 4 Jones on Evidence, 5th Ed., § 892.

We think that the defendant is correct that ordinarily such is the customary procedure in a trial, but variance from this procedure may be permitted in the discretion of the trial court where the circumstances permit, and where cause is shown for the failure to call a witness available to testify in the case in chief.

■ However, the fact that a witness called in rebuttal, even though not called in the case in chief, strengthens the case in chief is immaterial if, in fact, his testimony rebuts the defense offered. Roberts v. State, 2 Boyce 385, 79 A. 396. In the cited case, it was specifically held that a party has a right to give evidence in rebuttal in reply to the case of the other side even if such evidence in rebuttal as an incidental matter tends to corroborate and strengthen the case in chief. The rule of the *Roberts* case was subsequently reaffirmed in this State in Garboctowski v. State, 2 W.W. Harr. 386, 123 A. 395, stating that as a general rule the order of proof lies within the discretion of the trial court.

We adhere to the rulings of the *Roberts* and *Garboctowski* cases for we think that there must be some flexibility in the conduct of a trial to be governed by the exercise of the trial judge's sound discretion.

■ We see nothing in the record before us to indicate that the trial judge's discretion in this respect was abused, nor can we see any prejudice resulting from the failure of the State to call its rebuttal witness as part of its case in chief against the defendant other than to strengthen the case in chief which, from a reading of the record, appears to have been strong against the defendant.

For the foregoing reasons, the conviction below is affirmed.