FREDERIC G. KRAPF & SON, INC.,
Plaintiff Below, Appellant,

v.

Sigmund GORSON, Defendant Below,
Appellee.

Supreme Court of Delaware.

May 27, 1968.

Clement C. Wood, of Allmond & Wood, Wilmington, for appellant.

Frank O'Donnell and Stanley C. Lowicki, of O'Donnell, Hughes & Lowicki, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by Frederic G. Krapf & Son from the entry of a judgment after trial in favor of Sigmund Gorson. One question only is presented to us, viz.: May the president of a corporation, the charter of which has been proclaimed for failure to pay franchise taxes, be held personally liable upon a contract entered into by him in behalf of the corporation after the proclamation of the charter and before its revival?

■ The facts of this cause as found by the trial judge are sufficiently supported by the record, and we consequently shall not disturb his findings. We recite them briefly.

Gorson is president of Wilmington Boneless Beef Company, all of the stock of which is owned by him or members of his family. In effect, it is a one-man corporation. Krapf & Son is a contractor and claims that in late 1962 it entered into an informal agreement for the erection of a slaughtering and manufacturing building. Both Krapf & Son and Gorson at the time intended the obligation to be that of the corporation, Wilmington Boneless Beef Company. A dispute ultimately took place and this action followed against Gorson, "trading as Boneless Beef Company."

■ On April 1, 1962, a date prior to the contract, the charter of Wilmington Boneless Beef Company was forfeited for nonpayment of annual franchise taxes for two consecutive years. Under 8 Del.C., § 510, upon this event, the charter became void and all its powers inoperative.

As a matter of fact, however, Gorson did not know of the actual forfeiture, it having come about by reason of his inadvertent neglect to file the annual reports and pay the franchise taxes.

At some time the fact of forfeiture of charter became known to Krapf & Son. This must have been prior to the institution of suit, since Gorson was sued "trading as Wilmington Boneless Beef Company." Indeed, Krapf & Son's counsel so stated at the argument. In any event, Gorson defended on the ground that he was not personally liable.

At the trial counsel for Krapf & Son produced a certificate of the Secretary of State evidencing the forfeiture of the charter of Wilmington Boneless Beef Company. The trial was recessed for one week and Gorson had the charter reinstated during the interim. The trial court held that the parties intended and believed that the contract was entered into with the corporation, Wilmington Boneless Beef Company, that the charter forfeiture did not prevent suit against the corporation, and that Gorson was not individually liable.

It is true that 8 Del.C., § 510, provides that, upon forfeiture of a charter for failure to pay franchise taxes, all of the corporation's powers become inoperative, but this provision must be read in the light of

8 Del.C., § 312 which provides for a method of reinstating corporate charters which have been forfeited. Subsection (e) provides that upon reinstatement of a charter all contracts and other matters done and performed by the corporate officers during the time the charter was inoperative shall be validated, and be the exclusive liability of the corporation.

■ The result of the reinstatement of the Wilmington Boneless Beef charter was, therefore, to validate the contract with Krapf & Son as a binding contract with the corporation for breach of which it could be sued. By the same act, the officers of the corporation under the statute would seem to be absolved from personal liability.

■ To be sure, the performance of corporate acts following forfeiture is wrongful at the time, but the later reinstatement of the charter validates the corporate acts. 16A Fletcher, Cyclopedia Corporations (Perm.Ed.), § 7998; Hornstein, Corporation Law and Practice, § 812; J. B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 13 A.L.R.2d 1214. And in Delaware it has long been the law that a Delaware corporation is not dead for all purposes following forfeiture of its charter. Wax v. Riverview Cemetery Co., 2 Terry 424, 24 A.2d 431; Addy v. Short, 8 Terry 157, 89 A.2d 136, and Harned v. Beacon Hill Real Estate Co., 9 Del.Ch. 411, 84 A. 229.

■ We are of the opinion that failure to pay franchise taxes is an issue solely between the corporation and the State since the franchise tax statutes are for revenue-raising purposes alone. This being so, if the creditor dealt in good faith with the corporation as a corporation, and if no fraud or bad faith on the part of the corporate officers is involved, the creditor's remedy is against the corporation. See Spector v. Hart (Fla.App.), 139 So.2d 923.

■ Krapf & Son, however, points to 8 Del.C., § 513, which provides that whoever exercises any corporate powers of a corporation whose charter has been forfeited shall be guilty of a crime. It is argued that this statute prevents the making of a binding commitment for a proclaimed corporation. We think, however, the statute has no bearing in a contest between private parties. It is a remedy given the state against a corporation, the officers of which persist in exercising its corporate powers after the charter forfeiture. J. B. Wolfe, Inc. v. Salkind, supra.

■ Krapf & Son also argues that it was powerless to sue Wilmington Boneless Beef once its charter had been forfeited. Such, however, is not the case for 8 Del. C., § 278 keeps a dissolved corporation alive for a period of three years for purpose of suit, and 8 Del.C., § 279 authorizes the appointment of a receiver for a dissolved corporation on the application, *inter alia*, of a creditor.

■ We think it clear that in the absence of fraud or bad faith a corporate officer may enter into a contract binding on the corporation, even after forfeiture of the charter, particularly when, as at bar, the forfeiture came about by inadvertence. We think it equally clear that the corporate creditor has a remedy against the corporation. It follows, therefore, that summary judgment was properly entered for Gorson who was sued in his individual capacity.

We point out that we have expressed no opinion on the propriety of a motion in the trial court to substitute Wilmington Boneless Beef Company as the defendant. No such motion has been made and, accordingly, we have expressed no opinion upon the point.

The judgment below is affirmed.