Louis LAWS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 23, 1971.

Karl J. Parrish, Asst. Public Defender, Wilmington, for appellant.

H. Newton White and William M. Chasanov, Deputy Attys. Gen., Georgetown, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a conviction of burglary in the fourth degree. Louis Laws challenges the legality of the search of the car and seizure of evidence as incidental to a lawful arrest.

At approximately 2:00 a. m., Laws and two other men were riding west on Route 18 near Georgetown. Two state troopers on patrol in the area stopped the automobile for a faulty muffler and a defective rear light. The troopers asked the driver for his license and registration. Although both documents were defective, the driver produced a title indicating that he was the rightful owner of the car.

While questioning the driver, the troopers noticed that the driver and Laws were wearing tennis shoes. There had been numerous burglaries in the area committed by unknown persons wearing tennis shoes, and the troopers had been instructed to be on the lookout during the midnight shift for persons wearing tennis shoes.

The driver of the car was placed under arrest for driving without a valid license and also for operating an unregistered motor vehicle. All three occupants were then ordered out of the car. One of the troopers looked into the car with the aid of his flashlight. He saw a Tastee-Freeze bag partially hidden under the front seat. He noticed that the bag was ripped and contained a cloth bag resembling the cloth bags used by banks for currency. Also seen on the floor of the car were gloves and a large screwdriver. The trooper removed the bag and found that it contained a large amount of currency.

The three occupants were then handcuffed, frisked and taken to the police station where they were advised that they were under arrest for burglary. Subsequently the driver and third occupant gave statements to the police which implicated Laws in the burglaries. Both men testified as State's witnesses at Laws' trial under promise of immunity.

Laws contends that the search and seizure were illegal, and that the statements obtained were the fruits thereof. For purposes of this appeal, we assume *arguendo* that Laws has standing to raise this issue.

We think that the troopers acted legally and properly. If, indeed, there was a

search, it was limited and fully justified by the totality of the circumstances. This was no ordinary arrest for a traffic violation. Once the troopers reached the car, there was sufficient evidence in plain view for them to reasonably conclude that a felony had been committed by the occupants of the car. It should be noted that the plain view doctrine does not go into hibernation at sunset. Marshall v. United States, 422 F.2d 185 (5th Cir. 1970). Because of all the evidence in plain view, the troopers would have been remiss in their duty had they not inspected the bag. To the extent that the inspection of the bag constituted a search and seizure, it was fully justified by the totality of suspicious circumstances. Aaron v. State, 275 A.2d 791, Del.Supr. (1971). As such, the statements obtained were not fruit of a poisoned tree.

The conviction below is affirmed.