**Andrew J. HERHAL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 8, 1971.

Carl Schnee, Richard G. Elliott, Jr., Wilmington, for appellant.

Jay H. Conner, Special Deputy Atty. Gen., and Jerome O. Herlihy, Chief Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction of murder in the second degree. It is the second appeal by Andrew J. Herhal. At his first trial he was convicted of murder in the first degree with a recommendation of mercy. This court reversed and remanded the cause for a new trial. At his second trial the jury disagreed. At his third trial the jury returned a verdict of guilty of murder in the second degree on which the appellant was sentenced. It is from this conviction that he now appeals.

■ The first point made by Herhal is that the State's evidence is insufficient to support a verdict of guilty of murder in the second degree. We think, however, to the contrary. Our opinion in the first appeal, Herhal v. State, 243 A.2d 703 (Del. Supr.1968) to which reference is made, considered in detail the circumstantial evidence produced by the State and concluded that, while insufficient to prove murder in the first degree, it was sufficient to support murder in the second degree. This was the unanimous opinion of the court, although the court divided on the question of whether or not the case should be remanded for a new trial or for the entry of a judgment of conviction of murder in the second degree.

The State's case is set out in detail in the majority opinion. The only evidence produced at the first trial and not produced at the third trial was the evidence of three small human blood stains on the clothing worn by Herhal on the day in question. At the third trial the State produced additional evidence. A garbage man was called who testified that he observed Herhal's automobile near the scene of the crime between the hours of 1:30 p.m. and 2:00 p.m., the crucial period in the case. This witness had not been called at the two prior trials because he was out of the State and unavailable to testify. In addition, the State called an F.B.I. soil analysis expert who testified that dirt taken from the underside of Herhal's car and dirt taken from the street on which witnesses placed Herhal's car at the crucial time were of the same type associated with road fill. This witness testified that the soil on the underside of Herhal's automobile could have come from the particular parking location, but could have come, also, from any other area where the same mixture of road fill was being used.

We think, to all intents and purposes, that the State's case against this appellant in his third trial is the same as the State's case against him in his first trial. With respect to the evidence produced at the first trial, we said:

"The circumstantial evidence against Herhal in this case, if believed, may be found inconsistent with any rational conclusion other than guilt of second degree murder. The prayer for judgment of acquittal, therefore, was properly denied by the Superior Court." (243 A.2d at 706).

We will not overrule our ruling as to the sufficiency of the State's case made in the first appeal.

The second point raised by Herhal is that error was committed when certain oral statements made by him while in custody on May 5, 1966 were admitted into evidence in violation of his Federal Fifth and Sixth Amendment rights.

We assume this point is made to preserve whatever rights of review Herhal may have since, at 243 A.2d 707, in our opinion in the first appeal we disposed of this same contention adversely to Herhal. We adhere to our ruling on the point.

■ The third point made by Herhal is that the soil taken from the underside of

his car was improperly seized and, therefore, the testimony of the F.B.I. soil analysis expert was improperly received into evidence.

Prior to Herhal's arrest, five State Police officers found him at the Argo Inn. The officers at that time had two search warrants which were read to Herhal and later executed. They involved the search of Herhal's car, particularly looking for a knife which may have been the murder weapon. It is true that Herhal testified at trial that at the time he was scared, but he also testified, "If they asked, they would have been welcome to search my car."

In any event, the car was taken into custody and removed to a location where there was a hoist on which the car was put and the underside searched. In the course of this search, the soil adhering to the underside was discovered and a sample was taken of it. We see nothing in these circumstances to indicate that the search and seizure of the soil was improper or unreasonable.

Herhal relies on Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed. 2d 797 (1968) as authority for the proposition that when a consent to a search has been given after the officer conducting the search has in his possession a search warrant, it is no consent at all and cannot be given under such circumstances. It was held that a search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid. In point of fact, it appears that the searching officers in the *Bumper* case in fact had no warrant.

Furthermore, the *Bumper* case was decided in 1968, approximately 26 months after the search of Herhal's car. To our knowledge, there has been no ruling by the Supreme Court of the United States making the ruling of the *Bumper* case retroactive. Under such circumstances we refuse to hold that the rule of the *Bumper* case is retroactive, even if its application would prevent the seizure at bar.

It is quite apparent that once Herhal's car was hoisted so that the underside could be seen, the soil clinging to the underside was in plain view. It is apparent, therefore, that the taking of the soil sample was the taking of evidence in plain view of the officers. This is constitutionally permissible when a valid search under a warrant is taking place. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

It follows, therefore, that the soil sample and the testimony of the F.B.I. expert was properly admitted into evidence.

Next, Herhal complains that the trial court committed error in refusing to charge the jury in accordance with his request on motive.

Reliance is made upon Littlejohn v. State, 219 A.2d 155 (Del.Supr. 1966). In that case the argument was that the State had failed to prove any motive on Littlejohn's part to set fire to his deceased common law wife. We held that there is no requirement that the State prove motive, but that the lack of any apparent motive may be an important circumstance in the trial of a crime involving an element of willfulness and malice when the State relies primarily upon circumstantial evidence, citing State v. Buckingham, 11 Terry 469, 134 A.2d 568 (Del.Super. 1957).

In point of fact, the State did attempt to prove a motive for this killing, viz., that Herhal approached the victim for sexual purposes. It may be argued that the proof of motive was weak, but it was apparently accepted by the jury. The defense was alibi, or that Herhal was never at the scene of the crime. The *Littlejohn* case does not require that the jury be instructed specifically upon the element of motive and we do not think it was required in the case before us. Counsel argued the matter to the jury in any event. In a particular case it might be desirable to have the jury in-

structed upon the subject of motive, but this is not such a case.

■ Lastly, Herhal argues that he was denied a fair trial when the State called the garbage man in rebuttal who placed his car at the scene of the crime. To be sure, this witness was not called as part of the State's case in chief. He was, however, called to rebut the flat denial of Herhal that he was anywhere near the residence of the victim on the day of her death. This witness testified that he observed the defendant's car in the locality during the crucial period of time on the day in question.

■ In Gaston v. State, 234 A.2d 324 (Del.Supr. 1967), we held that the ordinary procedure in a trial is for the side having the affirmative to introduce all its evidence in support of its case, to be followed by the opposite side in introducing all of its evidence denying the affirmative, and thereafter the side having the affirmative is limited to a rebuttal of the other side's case. This of course is the general rule but we pointed out that variance from the ordinary procedure may be permitted in the discretion of the trial court when the circumstances permit. However, we approved the rulings in Roberts v. State, 2 Boyce 385, 79 A. 396 (Del.Supr. 1911) and Garboctowski v. State, 2 W.W.Harr. 386, 123 A. 395 (Del.Supr. 1923), and held that it is entirely proper for the affirmative side to give evidence in rebuttal in reply to the evidence of the other side of the case. And we further held that if as an incidental this rebuttal evidence tends to corroborate and strengthen the case in chief, that of itself is not error. The matter is always to be left to the discretion of the trial court.

We find nothing in this record to indicate an abuse of his discretion in this respect by the trial court.

For the foregoing reasons the judgment below is affirmed.