The **STATE** of Delaware, Plaintiff,

v.

Andrew J. **HERHAL**, Defendant.

Superior Court of Delaware,
New Castle.

May 17, 1973.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for the State.

Andrew J. Herhal, pro se.

QUILLEN, Judge:

The defendant, Andrew J. Herhal, petitioned this court for a Rule 35(a) hearing. Superior Court Criminal Rule 35(a), Del. C.Ann. An evidentiary hearing was held on February 20, 1973 to consider the sole question of the validity of the issuance and execution of the search warrants involved.

The history of this case is extensive. Petitioner was first convicted in this court of first degree murder of Sally Deputy in October, 1966. An appeal was taken, and the Supreme Court reversed and remanded the case for a new trial. Herhal v. State, Del.Supr., 243 A.2d 703 (1968). Petitioner was again tried on a charge of second degree murder on November 18, 1968, but the trial resulted in a hung jury. A third trial followed, and petitioner was convicted of second degree murder on May 7, 1969. A life sentence was imposed. Upon appeal to the Supreme Court, the conviction was affirmed. Herhal v. State, Del.Supr., 283 A.2d 482 (1971). Finally, a petition to the District Court for a writ of habeas corpus was denied on November 30, 1971. United States ex rel. Herhal v. Anderson, 334 F. Supp. 733 (D.Del., 1971). The petitioner again specifically challenges the admission into evidence of the soil sample.

Petitioner raises two basic questions: (1) was the warrant for the search of his car properly issued and executed? and

(2) did he consent to the search of his car?

There have been several letter memoranda considered by the Court. The Court will comment on the key points touched upon by the letters.

■ Initially, the State argues that petitioner's motion is barred. In essence, the State contends that the alleged illegality of the issuance and execution of the search warrants should have been raised by a motion to suppress, and that petitioner's failure to do so prevents their assertion at this time. Petitioner asserts that he was unaware of the now asserted grounds at the time of trial and that he only first became aware of such subsequent to his trial and appeals therefrom. The precise issue, therefore, is whether petitioner has waived his right to raise the present constitutional attack as to the legality of the searches.

I believe that petitioner has waived this right through his failure to raise the issue during the trial and on appeal. Petitioner was represented by counsel at both times, who chose not to raise the search warrant issue. While claims of ineffective counsel have been more frequent in recent years, the record will show that this case was vigorously and ably defended. There is no reason to believe that counsel did not reasonably evaluate this basic matter.

Furthermore, petitioner's assertion that he just became aware of the alleged illegality of the searches is ineffective in light of the fact that he knew of the search warrants and car search and even a layman knows that police searches in this country are subject to constitutional limitations. The defendant had a duty to inquire at that time. A cursory reading of the affidavits submitted in support of issuance of the warrants reveals the incidents of April 26, 1966 now relied upon. And, the return clearly indicated that the search of petitioner's car was not concluded until nighttime. I find petitioner's illegal seizure and search argument has been waived.

Independent of this finding of waiver, I also find petitioner's arguments that the search warrant for the car was improperly issued and executed to be without merit.

Petitioner presents three arguments as to the search warrant question. It is first contended that the warrant of April 27, 1966 was illegally issued since probable cause for the issuance of the warrant was founded on information obtained by an illegal search conducted the previous day.

Testimony at the evidentiary hearing established that Sergeant James T. Lagarelli of the Delaware State Police had gone to the home of Joan Daley on the night of April 26, 1966 for the purpose of interviewing her. Gail Cirillo, with whom petitioner had lived with for several years although not legally married, was also at the Daley home and Sergeant Lagarelli inquired if she knew what petitioner was wearing on the day of the murder. She responded that petitioner had been wearing a certain shirt, pants and jacket when he left the house on the morning of the murder, but that petitioner did not have the jacket on when he returned home. Sergeant Lagarelli then asked if she had seen the jacket since the day of the murder, and she replied that it was in the trunk of the car. They then proceeded outside to the car (Gail Cirillo had possession of the car at the time); Gail Cirillo opened up the trunk; and Sergeant Lagarelli observed the jacket. The jacket was then returned to the trunk and Sergeant Lagarelli left.

Petitioner, on the basis of the above, argues that the search was illegal since Gail Cirillo could not consent to the search of the car of which he was the sole legal owner; that even is she could consent, the consent in the present case was not valid since Sergeant Lagarelli had not told Gail Cirillo that she could refuse to open the trunk; and that, as a result of this alleged illegal search, the warrant of April 27, 1966 for the search of his car was illegally issued since probable cause for issuance of the warrant was based on information obtained by the April 26, 1966 search.

■ Petitioner's argument is without merit. As to the question of Gail Cirillo's ability to consent to the search, it has been established that a person who has control over a car may consent to a search which might incriminate him and/or someone else. United States v. Mallory, 460 F.2d 243 (10th Cir.1972); Leeper v. United States, 466 F.2d 281 (10th Cir.1971); United States v. Eldridge, 302 F.2d 463 (4th Cir.1962); United States v. Sferas, 210 F.2d 69 (7th Cir.1954), cert. denied, Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086 (1954). There is no question that Gail Cirillo had control at the time; therefore, her consent is valid if voluntarily given.

■ The only attack on the voluntariness of the consent is that Sergeant Lagarelli had not told Gail Cirillo that she could refuse permission to search. However, advice of the right to refuse permission to search without a search warrant is not a necessary prerequisite to the voluntariness of the consent. United States v. Mallory, *supra*; Leeper v. United States, *supra*; White v. United States, 444 F.2d 724 (10th Cir.1971); United States v. Goosbey, 419 F.2d 818 (6th Cir.1970); United States ex rel. Combs v. LaVallee, 417 F.2d 523 (2nd Cir.1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1150, 25 L.Ed.2d 413 (1970).

■ I am satisfied from the testimony developed at the evidentiary hearing that Gail Cirillo's consent was knowingly and voluntarily given. The search, assuming Sergeant Lagarelli's actions in fact amounted to such, was legal and, therefore, the information obtained thereby could properly be used to establish probable cause for the issuance of the April 27, 1966 warrant.

■ It may also be noted that the affidavit averred sufficient facts, independent of any of the information obtained by the April 26, 1966 search, to establish probable cause for the issuance of the April 27, 1966 warrant. I find the search warrant to have been properly issued.

■ Petitioner's second argument is that the warrant was invalid on its face since it was not sufficiently specific as to the items to be seized. The warrant, after describing the automobile to be searched, specified certain items, namely: "a knife or sharp instrument capable of inflicting a fatal wound; also clothing which may contain traces of blood and other materials which may show or explain their presence at the unexplained death of one Sally R. Deputy, which occurred on April 21, 1966". The words "may show or explain their presence at the unexplained death of one Sally R. Deputy, which occurred on April 21, 1966" sufficiently identify and limit the items to be seized. The warrant is valid. Compare United States v. Honore, 450 F.2d 31, (9th Cir.1971), cert. denied, 404 U.S. 1048, 92 S.Ct. 728, 30 L.Ed.2d 746 (1972). To the extent a similar attack is made in regard to the warrants authorizing a search of petitioner's home and person, the argument is also unpersuasive for the same reason. The warrant for the car has previously been held to be "limited in scope". United States ex rel. Herhal v. Anderson, at 334 F.Supp. 736.

Petitioner's final argument as to the legality of the April 27, 1966 search of his car is that the search warrant was illegally executed. Petitioner contends (1) that the search was carried out in the nighttime contrary to the terms of the warrant which specified that the search was to be conducted in the daytime and (2) that the police exceeded the scope of the warrant in removing the automobile to a police garage to effectuate the search.

The return on the search warrant for petitioner's car states that the search was commenced at 5:50 P.M. and concluded at 9:28 P.M. Sunset was at 7:52 P.M. Petitioner does not dispute the fact that it was daylight at the commencement of the search, but argues that the search was illegal since not concluded until nighttime. Petitioner, therefore, raises the question of whether the time of commencement or the

time of conclusion is controlling in defining a nighttime search.

Although no Delaware decision has been found directly on point, the issue has been considered in the Federal Courts and the rule seems clear that it is sufficient if the search begins in the daytime, even though it continues into nighttime. See United States v. Joseph, 174 F.Supp. 539 (E.D.Pa.1959), aff'd. 278 F.2d 504, cert. denied 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960) and United States v. Bell, 126 F.Supp. 612 (D.C.D.C.1955), aff'd. 99 U.S. App.D.C. 351, 240 F.2d 37 (1956). Applying this rule, I find that the present search warrant was properly executed since the search was commenced in the daytime.

Petitioner's further argument, namely that the police exceeded the scope of on the street outside of the Argo Inn petitioner's car at the police garage instead of on the street outisde of the Argo Inn where it was found, is also unpersuasive. I discern no invasion of petitioner's constitutional rights by the removal of the vehicle. Removal to a police garage before conducting the search pursuant to the warrant was reasonable considering the fact that the vehicle was located on a public street outside of a tavern. See Chambers v. Maroney, 399 U.S. 42, 51–52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428–429 (1970) where a vehicle was removed from the place of apprehension to a police station before being searched. The search warrant being valid and validly executed, the seizure of the dirt which came into plain view during the execution was lawful under the plain view rule in accordance with prior rulings in this case. See Herhal v. State, at 283 A.2d 484 and United States ex rel. Herhal v. Anderson at 334 F.Supp. 734–736.

Having found that the warrant for the search of petitioner's car was properly issued and executed, petitioner's second argument, namely that he did not consent to the search, becomes moot since it is premised on petitioner's success on his initial argument which I have found to be without merit. Furthermore, the second argument has been previously decided against petitioner. Herhal v. State at 283 A.2d 484.

The motion of the defendant under Rule 35(a) is denied. It is so ordered.