Leonard **MILLER**, Defendant Below, Appellant,

v.

**STATE of Delaware, Plaintiff Below,** Appellee.

Supreme Court of Delaware.

Sept. 6, 1973.

Richard Allen Paul and Arlen Mekler, Asst. Public Defenders, Wilmington, for defendant below, appellant.

Daniel F. Wolcott, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

HERRMANN, C. J., CAREY, J., and BROWN, Vice-Chancellor, sitting.

CAREY, Justice:

This is an appeal from a conviction in Superior Court. The appellant, Leonard Miller, was charged with possession of a narcotic drug with intent to sell, in violation of 16 Del.C. § 4725, and was convicted of the lesser included offense of possessing a narcotic drug, in violation of 16 Del.C. § 4723.

Appellant's appeal is predicated upon two grounds: (1) the trial court erred in admitting into evidence the heroin seized by the arresting officers; and (2) the circumstantial evidence adduced at trial is insufficient to sustain the conviction. We cannot agree with either of these contentions.

These are the relevant facts: On August 11, 1970, at 12:30 a. m., two Wilmington City Police officers proceeded to the residence at 500 N. Adams St. in search of an escapee from the Woods Haven School. While one officer approached the house and knocked on the front door, the other went to the rear of the building to prevent any escape. As he entered the back yard, this officer noticed two males climbing out of a second story window, onto the roof of the porch below, and onto the ground The two men then fled through the adjacent yards, pursued by the policeman. The officer apprehended one of them in the yard at 506 N. Adams St. and took him back to the patrol car; then the two officers returned to 506 N. Adams St. There they found the appellant hiding in a doghouse in the back yard. As the appellant emerged from the doghouse, he was handcuffed and patted down. One of the arresting officers then shone his flashlight into the doghouse, wherein he observed the wax paper envelopes containing a white powder, later determined to be heroin. Defendant's motion to suppress was denied and the heroin was admitted into evidence at trial.

I

■ Appellant first argues that his arrest was unlawful. We find this argument entirely without merit. In our opinion, the above-described circumstances provided suf-

ficient probable cause to justify the arrest of appellant.

Next, appellant argues that the search of the doghouse exceeded the permissible limits established by Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). For purposes of this appeal, we assume *arguendo* that appellant has standing to raise this issue. In *Chimel,* the Supreme Court said: "There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." 395 U.S. at 762, 89 S.Ct. at 2040. Appellant argues that because he had already exited from the doghouse and had been handcuffed, the doghouse was not within his "immediate control" and he could not have grabbed a weapon from within the doghouse, nor could he have destroyed any evidence therein. We need not address that question because, as we shall explain, the policeman's actions in this case were not a "search" within the meaning of the fourth amendment to the Federal Constitution or Article I, Section 6 of the Delaware Constitution, Del.C.Ann.

 We hold that the evidence seized was within the plain view of the arresting officers, and was not the product of any search prohibited by the *Chimel* decision. It has long been the law that objects falling within the plain view of an officer who has a right to be in a position to have that view are subject to seizure and may be introduced into evidence. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct.

992, 993, 19 L.Ed.2d 1067 (1968) ; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) ; United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927) ; Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). *Chimel* does not limit this principle. In that case, after enunciating the "area of immediate control" rule, the Court said:

> "There is no comparable justification, however, for routinely searching any room other than that in which an arrest occurs—or, for that matter, for searching through all the desk drawers *or other closed or concealed areas in that room itself.*" 395 U.S. at 762, 89 S.Ct. at 2040 (emphasis added).

This holding leaves ample room for the application of the plain view doctrine.

 In the case at bar, it is not disputed that the police were lawfully upon the premises at 506 N. Adams St. While there, one of the policemen shone his light into the open doghouse. He did not forage through it, but spied the contraband when his eyes fell upon it as the appellant emerged.[1] The officer opened no door, breached no threshold, save with the beam of his light and the gaze of his vision. We cannot say that this evidence, which would clearly have been admissible if observed in daylight, has been rendered inadmissible because illuminated by the beam of a flashlight.[2] The plain view doctrine is not diurnal, but continues after sunset. Laws v. State, Del.Supr., 277 A.2d 676 (1971).

Inasmuch as the evidence sought to be suppressed was not obtained through any

---

1. Sergeant Fillippone's testimony at page 24 of the transcript:

 "Q. Did you notice his position?

 "A. Yes, sir, he was in a crouched position. The dog house is pretty small. There was only one opening and it was in front. At this time, we told this subject to come out with his hands held high. As he did, I threw my light in there and where his right hand was, there was a package rolled up in a rubber band, ten glassine packages of a white substance."

2. For other cases holding that the use of artificial illumination is not, of itself, a search, see: United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed.2d 1202 (1927) ; United States v. Allen, (5 Cir.) 472 F.2d 145 (1973) ; United States v. Hanahan, (7 Cir.) 442 F.2d 649 (1971) ; Marshall v. United States, (5 Cir.) 422 F.2d 185 (1970) ; and Alcorn v. State, 255 Ind. 491, 265 N.E.2d 413 (1970).

unlawful search and seizure, it was properly admitted at the trial.

## II

The appellant also urges us to reverse his conviction on the ground that the circumstantial evidence produced by the State is not sufficient proof of his guilt. He cites several cases in support of this argument: Holland v. State, Del.Supr., 9 Terry 559, 48 Del. 559, 107 A.2d 920 (1954); Jenkins v. State, Del.Supr., 230 A.2d 262 (1967); Patrick v. State, Del.Supr., 227 A.2d 486 (1967); State v. Winsett, Del. Super., 205 A.2d 510 (1964); and State v. Buckingham, Del.Super., 11 Terry 469, 50 Del. 469, 134 A.2d 568 (1957). These cases state the rule that, in order to establish a fact in issue in a criminal case, the circumstantial evidence must be inconsistent with any other rational conclusion (the "no other rational hypothesis test"), but none of the above cases concern facts similar to those now before us.

The appellant having been convicted, we must consider the facts in the light most favorable to the State. Samuels v. State, Del.Supr., 253 A.2d 201 (1969); Bailey v. State, Del.Supr., 231 A.2d 469 (1967). After reviewing all of the facts —the hour of the morning, the appellant's flight from the police, his hiding within the doghouse, and the presence of the heroin in a location where the appellant had placed his hand only seconds earlier,—we hold that the trial Judge was correct in his conclusion that the evidence warranted a conviction.

The State asks us to apply in this case the new circumstantial evidence rule approved by this Court in Henry v. State, Del.Supr., 298 A.2d 327 (1972), and further clarified in Holden v. State, Del. Supr., 305 A.2d 320 (1973).[3] We need not pass upon this request in this case. We

are satisfied that, no matter which test is used to judge the facts here presented, the circumstantial evidence adequately supports the conclusion that the appellant is guilty of the crime of possession of a narcotic drug, in violation of 16 Del.C. § 4723.

The conviction of Mr. Miller is affirmed.

sufficient to enable a jury to find that the State's charge has been established beyond a reasonable doubt. Holden v. State, Del.Supr., 305 A.2d 320 at 322 (1973).

---

3. This new test, enunciated in the interim between Mr. Miller's trial and this appeal, is whether the evidence, viewed in its entirety and including all reasonable inferences, is