**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BACKYARD WRESTLING, INC., a Delaware corporation,<br><br>           Plaintiff - Appellee,<br><br>  v.<br><br>PRO-ACTIVE ENTERTAINMENT GROUP, INC., a California corporation; LEN LEVY, an individual; RICHARD MENDELSOHN, an individual,<br><br>           Defendants,<br><br>  and<br><br>WENCESLADO HERRERA, AKA Wayne Herrera, DBA Distinctive Movie Network, DBA Movie Network, Inc., DBA Wayne Enterprises,<br><br>           Defendant - Appellant. | No. 09-55589<br><br>D.C. No. 5:07-cv-00527-SGL-JCR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 9, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and MARBLEY, United States District Judge.[**]

Defendant-Appellant ("Herrera") appeals from a judgment for the plaintiff, asserting two grounds for vacating the judgment: 1) Plaintiff-Appellee ("BWI") was a void Delaware corporation, thereby lacking the capacity to sue, and thus BWI did not satisfy the requirements for Article III standing; and 2) the district court made erroneous findings of fact at the prove-up hearing following a default judgment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the judgment.

Herrera claims that under Delaware law (BWI is a Delaware corporation), a void corporation loses its capacity to sue except as to matters related to winding up the business of the corporation. *See* Del. Code Ann. tit. 8, § 278. BWI is not a dissolved corporation, but rather a once-void and now-renewed corporation. Under Delaware law, where a corporation was void but then renewed, it is as though the corporation was never void, and the corporation regains all of its previous rights, including capacity to sue. *Frederic G. Krapf & Son, Inc. v.*

_____

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

2

*Gorson*, 243 A.2d 713, 715 (Del. 1968), BWI submitted to this Court a Certificate of Renewal, which indicates that BWI became a void corporation for failure to pay taxes on March 1, 2009, and then received a Certificate of Renewal on December 8, 2009 and a Certificate of Good Standing on January 14, 2010. Accordingly, Herrera's argument fails and the judgment of the district court must be upheld despite BWI's void status from March 1, 2009 to December 8, 2009. Under Del. Code Ann. tit. 8, § 312(e), and applying *Krapf*, even if BWI lacked capacity to sue at the time of the district court's March 19, 2009 judgment on damages and entry of permanent injunction, the fact that BWI has been reinstated through the Certificate of Renewal results in a validation of all its corporate acts, including suit against Herrera.

The findings of fact challenged by Herrera were made at the prove-up hearing on damages. We review the district court's findings of fact for clear error, and must be "left with the definite and firm conviction that a mistake has been committed." *Household Credit Serv. v. Ettell (In re Ettell)*, 188 F.3d 1141, 1145 (9th Cir. 1999); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). No finding of fact was clearly erroneous.

**AFFIRMED.**